THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DWAYNE COULTER, Defendant-Appellant.

First District (6th Division)    No. 1—02—0563

Opinion filed January 16, 2004.

Michael J. Pelletier and Kathleen M. Flynn, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Judy L. DeAngelis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GALLAGHER delivered the opinion of the court:

Defendant, Dwayne Coulter, filed a *pro se* petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2000)), alleging that he was denied his right to the effective assistance of counsel at a 1998 hearing held pursuant to *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). In his postconviction petition, defendant asserted that his appointed counsel at the *Batson* hearing was deficient in failing to argue that the State's reasons for striking a particular venire member were pretextual. The trial court summarily dismissed defendant's petition as frivolous and patently without merit. For the reasons that follow, we remand this case to the trial court for second-stage proceedings under sections 122—4 and 122—5 of the Act.

The procedural history of defendant's case is lengthy, complicated and well-known to this court. See *People v. Coulter*, 345 Ill. App. 3d 81 (2003) (*Coulter III*); *People v. Coulter*, 321 Ill. App. 3d 644, 748 N.E.2d 240 (2001) (*Coulter II*). In this appeal, defendant argues the trial court erred in summarily dismissing his postconviction petition. In the petition, defendant contended that he was denied the effective assistance

of appellate counsel in *Coulter II* because that attorney failed to contend that defendant's counsel at the *Batson* hearing was ineffective for not specifically raising the particular venire member's exclusion. The State responds that defendant waived his claim of ineffective assistance of appellate counsel by failing to include it in his postconviction petition, to which defendant replies that his petition contained the gist of a constitutional claim because it alleged his counsel at the *Batson* hearing was ineffective, and he merely neglected to state that his appellate counsel was ineffective for failing to raise the issue on appeal.

The Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122—3 (West 2000). We recently held in *People v. Etherly*, 344 Ill. App. 3d 599, 612 (2003), that the first-stage dismissal of a defendant's postconviction petition cannot be based on waiver. See also *People v. Blair*, 338 Ill. App. 3d 429, 431-32, 788 N.E.2d 240, 242 (2003), *appeal allowed*, No. 96198 (2003); *People v. McGhee*, 337 Ill. App. 3d 992, 995, 787 N.E.2d 324, 326 (2003). "Determining substantive merit, not procedural compliance, is the purpose of first-stage review." *Etherly*, 344 Ill. App. 3d at 602, citing 725 ILCS 5/122—2.1(a)(2), (b) (West 2000).

Therefore, the trial court's order dismissing defendant's postconviction petition is vacated, and the petition is remanded for second-stage proceedings under the Act, specifically the appointment of counsel for defendant and the State's answer or motion to dismiss the petition.

Remanded with directions.

O'MARA FROSSARD, P.J., and SMITH, J., concur.