THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DWAYNE COULTER, Defendant-Appellant.

First District (6th Division)   No. 1—02—0563

Opinion filed August 27, 2004.—Rehearing denied September 23, 2004.

Michael J. Pelletier and Kathleen M. Flynn, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Judy L. DeAngelis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GALLAGHER delivered the opinion of the court:

We revisit this familiar case at the direction of the Illinois Supreme Court. Defendant, Dwayne Coulter, filed a *pro se* petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2000)), alleging that he was denied his right to the effec-

tive assistance of counsel at a 1998 hearing held to review defendant's claims under *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). The trial court summarily dismissed defendant's petition as frivolous and patently without merit, and on January 16, 2004, this court vacated that dismissal and remanded this case to the trial court for second-stage postconviction proceedings. After denying defendant's petition for leave to appeal, the Illinois Supreme Court vacated our judgment via a supervisory order dated May 26, 2004, and directed this court to reconsider its decision in light of *People v. Jones*, 211 Ill. 2d 140, 809 N.E.2d 1233 (2004), to determine if a different result is warranted. *People v. Coulter*, 209 Ill. 2d 586, 808 N.E.2d 1005 (2004). For the reasons that follow, we affirm the summary dismissal of defendant's petition.

Because the procedural history of this case is lengthy, we summarize only the facts necessary to our consideration of the supreme court's supervisory order. In 1987, defendant, who is African-American, was convicted of the first degree murder of a white police officer and was sentenced to natural life imprisonment. On appeal, defendant contended that the State's use of peremptory challenges to strike several African-American venire members violated *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). This court disagreed and affirmed defendant's conviction. *People v. Coulter*, 230 Ill. App. 3d 209, 594 N.E.2d 1163 (1992) (*Coulter I*). After the Illinois Supreme Court denied defendant's petition for leave to appeal (*People v. Coulter*, 146 Ill. 2d 636, 602 N.E.2d 461 (1992)), defendant took his claim to federal court, where the Seventh Circuit Court of Appeals remanded the case to the state trial court for a new *Batson* hearing (*Coulter v. Gilmore*, 155 F.3d 912 (7th Cir. 1998)), which is the subject of defendant's current arguments.

In the *Batson* hearing on remand, the trial judge (who was a different jurist than the one who presided at defendant's trial) reviewed defendant's *Batson* claims and the record of jury selection at defendant's trial and heard arguments from the State and defense counsel (who were different attorneys than those at trial). The trial court ruled that the State's articulated reasons for excusing African-American venirepersons were race-neutral and not pretextual. This court affirmed, finding that the trial court comprehensively reviewed defendant's *Batson* claims. *People v. Coulter*, 321 Ill. App. 3d 644, 748 N.E.2d 240 (2001) (*Coulter II*), vacated, *Coulter v. Illinois*, 537 U.S. 1230, 155 L. Ed. 2d 194, 123 S. Ct. 1384 (2003).

On November 28, 2001, defendant filed a *pro se* postconviction petition, contending that his counsel at the *Batson* hearing that was held on remand (referred to herein as *Batson* counsel) was ineffective

in failing to specifically argue that the excusal of an African-American venire member, Melanie Pinkins, was improper because the State did not excuse two white venirepersons, Richard Mason and Larry Saverslak, whom defendant contends were similarly situated to Pinkins. Defendant also asserted in the petition that he was prejudiced by *Batson* counsel's failure to argue Pinkins' similarity to other venire members because that omission "caused the argument to be waived on review by the First District Appellate Court" in *Coulter II.* The petition stated that *Batson* counsel's performance fell below an objective standard of reasonableness and that had *Batson* counsel argued that the State excused Pinkins for pretextual reasons, the trial court or this court would have ordered a new trial. In a six-page written order, the trial court found the claims in defendant's petition to be frivolous and patently without merit.

This court vacated the summary dismissal of defendant's petition and remanded the case to the trial court for second-stage proceedings on defendant's postconviction claims. *People v. Coulter*, 345 Ill. App. 3d 691, 692, 803 N.E.2d 932, 933 (2004). In response to the State's assertion that defendant did not include in his petition a claim that his appellate counsel in *Coulter II* was ineffective for failing to argue the ineffectiveness of *Batson* counsel, and that defendant had therefore waived his claim of ineffective assistance of appellate counsel, this court held that a postconviction petition cannot be summarily dismissed on the grounds of waiver. *Coulter*, 345 Ill. App. 3d at 692, 803 N.E.2d at 933, citing *People v. Blair*, 338 Ill. App. 3d 429, 431-32, 788 N.E.2d 240, 242 (2003), *appeal allowed*, 205 Ill. 2d 594, 803 N.E.2d 486 (2003). We noted that the purpose of the first-stage review of a postconviction petition is to determine a petition's substantive merit, not to assess the defendant's procedural compliance with the Act. *Coulter*, 345 Ill. App. 3d at 692, 803 N.E.2d at 933.

The Illinois Supreme Court has vacated that judgment and ordered us to reconsider our judgment in light of *Jones*, in which the court recently held that a defendant may not raise an issue for the first time on appeal from the dismissal of a postconviction petition if the petition failed to include that particular argument. *Jones*, 211 Ill. 2d at 148, 809 N.E.2d at 1239. In *Jones*, the defendant filed a *pro se* postconviction petition arguing that neither the trial court nor trial counsel admonished her regarding the possibility of consecutive sentences. *Jones*, 211 Ill. 2d at 143, 809 N.E.2d at 1235-36. After the defendant's petition was summarily dismissed as frivolous and patently without merit, the defendant appealed, raising two contentions that were not included in her postconviction petition, including the ineffective assistance of her prior appellate counsel in her two direct appeals. *Jones*,

211 Ill. 2d at 143, 809 N.E.2d at 1236. The appellate court held that the defendant could not raise new issues on appeal from the dismissal of the petition, citing *People v. McNeal*, 194 Ill. 2d 135, 742 N.E.2d 269 (2000), and section 122—3 of the Act (725 ILCS 5/122—3 (West 2000)), which states that any claim of substantial denial of constitutional rights that was not raised in the defendant's original petition or an amended petition is waived. *Jones*, 211 Ill. 2d at 146, 809 N.E.2d at 1237-38. The appellate court also noted that while a defendant's failure to raise a claim of ineffective assistance of appellate counsel is excused when the same attorney who represented the defendant on direct appeal also represented the defendant at the first-stage of postconviction proceedings, that was not true in the case before it. *Jones*, 211 Ill. 2d at 146-47, 809 N.E.2d at 1238. The supreme court affirmed, stating that under *McNeal* and *People v. Davis*, 156 Ill. 2d 149, 619 N.E.2d 750 (1993), a defendant cannot raise an issue on appeal from the dismissal of a postconviction petition if the issue was not included in the petition. *Jones*, 211 Ill. 2d at 148, 809 N.E.2d at 1239.

We welcome this opportunity to again consider this defendant's postconviction petition, since it enables us to explain our treatment of the petition as an initial filing under the Act. We note that in the trial court's order dismissing defendant's claims as frivolous and patently without merit, and in the report of proceedings on the petition, the trial court referred to defendant's postconviction filing as his "third successive petition." The Act contemplates the filing of only one postconviction petition. *People v. Free*, 122 Ill. 2d 367, 375, 522 N.E.2d 1184, 1188 (1988). Defendant's case has been before the trial court three times (after the remands in *Coulter I* and *Coulter II* and again to consider this petition). However, the record does not contain any previous postconviction petitions brought under the Act or any reports of proceedings on those petitions. Defendant does not characterize his present petition as a successive filing; moreover, the record does not include or make reference to any previous postconviction petitions brought by defendant. Given those facts, we will address defendant's petition as an initial filing under the Act.

In response to the supreme court's remand in light of *Jones*, defendant has filed a supplemental brief asserting that *Jones* is inapplicable because he raised the gist of his ineffective assistance of appellate counsel claim in his petition, unlike the defendant in *Jones* who raised entirely new issues on appeal. Defendant acknowledges that the petition did not specifically state that his appellate counsel in *Coulter II* caused the forfeiture of the argument of *Batson* counsel's ineffectiveness; however, he argues that his petition contained the legal basis of that claim. The office of the Cook County State's At-

torney did not file a brief responding to those arguments. However, we can consider this case on the appellant's brief alone. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).

Defendant's petition alleges that his *Batson* counsel was ineffective in failing to argue that prosecutors offered pretextual reasons for excluding Mason and Saverslak, whom defendant claims were similarly situated to Pinkins. The petition also states that *Batson* counsel's failure to raise that point "caused the argument to be waived on review" by this court in *Coulter II.* We do not find that defendant's contention as to the performance of *Batson* counsel implicates the effectiveness of his appellate counsel in *Coulter II.* Rather, the petition states a result of *Batson* counsel's alleged ineffectiveness: *Batson* counsel did not argue Pinkins' similarity to other prospective jurors at the *Batson* hearing, and this court in *Coulter II* considered that argument to be waived on appeal due to *Batson* counsel's failure to raise the issue in the trial court. Therefore, we reject defendant's contention that he raised a claim of ineffective assistance of appellate counsel in his petition.

A defendant's failure to raise a claim of ineffective assistance of appellate counsel in a postconviction petition can be excused if the attorney who represented the defendant on direct appeal also represented the defendant at the initial stage of postconviction proceedings, under the rationale that counsel is not expected to raise as a postconviction claim the issue of his or her own ineffectiveness in handling the defendant's direct appeal. *People v. Erickson*, 183 Ill. 2d 213, 223, 700 N.E.2d 1027, 1032 (1998). Here, the State Appellate Defender handled defendant's direct appeal in *Coulter II*, following the *Batson* hearing, and the State Appellate Defender now represents defendant in his appeal from the dismissal of his postconviction petition. However, at the first stage of postconviction proceedings, defendant is not entitled to the appointment of counsel to assist in the preparation of his petition, and the petition was filed *pro se*.[1] Therefore, the same counsel who handled defendant's direct appeal did not also argue defendant's postconviction claim to the trial court. Because defendant raised an issue on appeal from the dismissal of his postconviction petition that was not included in the petition, namely, the ineffective assistance of appellate counsel in *Coulter II*, *Jones* requires this court to find that defendant waived that issue. See also 725 ILCS 5/122—3 (West 2000).

---

[1]The Cook County public defender argued on defendant's behalf at the *Batson* hearing.

Nevertheless, in the interest of fundamental fairness, this court may resolve an issue notwithstanding its waiver. As our supreme court has observed:

" '[T]he general rule is that where a question is not raised or reserved in the trial court, or where, though raised in the lower court, it is not urged or argued on appeal, it will not be considered and will be deemed to have been waived. However, this is a rule of administration and not of jurisdiction or power, and it will not operate to deprive an accused of his constitutional rights of due process.' " *People v. De La Paz*, 204 Ill. 2d 426, 432, 791 N.E.2d 489, 493 (2003), quoting *People v. Burson*, 11 Ill. 2d 360, 370-71, 143 N.E.2d 239 (1957).

Our consideration of defendant's claim of ineffective assistance of appellate counsel is appropriate given the extended history of this case. In addition, the State has failed to file a brief and therefore has raised no arguments on this point. See *De La Paz*, 204 Ill. 2d at 433, 791 N.E.2d at 493-94 (consideration of a waived issue is not barred by section 122—3 of the Act, particularly if the State has not argued defendant's waiver). In light of these facts, this court will address defendant's forfeited claim of the ineffective assistance of appellate counsel in *Coulter II* on its merits.

A postconviction petition is a collateral attack on a prior criminal conviction by which a defendant can assert that a conviction resulted from the substantial denial of his or her constitutional rights, and the purpose of a postconviction proceeding is not to appeal the defendant's underlying judgment but, rather, to resolve allegations that constitutional violations occurred at trial, when those allegations have not been, and could not have been, adjudicated previously. *People v. Richardson*, 189 Ill. 2d 401, 407-08, 727 N.E.2d 362, 367 (2000). At the first stage of postconviction proceedings, the trial court, without input from the State, examines the petition to determine whether it is frivolous or patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2000). A petition survives this stage if the allegations in the petition, taken as true and liberally construed, present "the gist of a constitutional claim" unrebutted by the record. *People v. Boclair*, 202 Ill. 2d 89, 99, 789 N.E.2d 734, 741 (2002). To set forth the gist of a constitutional claim, which is a low threshold, the petition need only present a limited amount of detail. *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001). In determining whether a meritorious constitutional claim has been presented, this court "may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." 725 ILCS 5/122—2.1(c) (West 2000).

This court may summarily dismiss a postconviction petition if the allegations contained therein are contradicted by the record. *People v. Deloney*, 341 Ill. App. 3d 621, 626, 793 N.E.2d 189, 193 (2003). Our review of the dismissal of a postconviction petition at the first stage of review is *de novo. Edwards*, 197 Ill. 2d at 247, 757 N.E.2d at 447.

We are well acquainted with defendant's case and the basis for the arguments presented in his petition, and we are reminded of the difficulty of considering *Batson* arguments on appeal when we are required to study a cold record. However, a substantive analysis of defendant's *Batson* claims is central to a consideration of the effectiveness of defendant's *Batson* counsel and the subsequent performance of counsel that handled defendant's appeal from the *Batson* hearing.

Our analysis begins with the claim contained in the petition: whether defendant's *Batson* counsel was ineffective in failing to argue Pinkins was similarly situated to two nonminority venire members. We apply the familiar test of *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984), which requires a defendant to show that his counsel's representation fell below an objective standard of reasonableness and that counsel's actions prejudiced his case. To establish prejudice, a defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and a reasonable probability is a probability sufficient to undermine confidence in the outcome. *People v. Easley*, 192 Ill. 2d 307, 317, 736 N.E.2d 975, 985 (2000). The prejudice prong of *Strickland* is more than an "outcome-determinative" test; the defendant must show that counsel's deficient performance rendered the result of the proceeding unreliable or fundamentally unfair. *Easley*, 192 Ill. 2d at 317-18, 736 N.E.2d at 985.

Defendant asserted in his petition that his counsel at the *Batson* hearing was ineffective in failing to argue that the reasons given for Pinkins' excusal were pretextual. The record indicates that during *voir dire*, the prosecution sought to use a peremptory challenge to excuse Pinkins. When asked a reason for challenging Pinkins, the prosecutor stated that Pinkins' mother was employed as a social worker at Mercy Hospital, where Dr. Louis Hemmerich, a witness retained by the defense, had worked for five or six years during his career.

Defendant stated in his petition that he was prejudiced by *Batson* counsel's failure to contrast Pinkins' excusal with the prosecution's acceptance of Mason and Saverslak, two white venire members whom defendant asserts were similarly situated to Pinkins. In *voir dire*, Mason stated that his 26-year-old daughter was a supervisor at the

Tinley Park mental health facility, where Dr. Hemmerich had also worked. Saverslak stated that his wife was a registered nurse at Holy Family Hospital in Des Plaines. Defendant asserted in his petition that both the State and the defense indicated before trial that they might call personnel from Holy Family Hospital as witnesses. Thus, the gist of defendant's *Batson* claim is that while the State challenged Pinkins due to her relative's employment at the workplace of a potential witness, the State did not challenge Mason or Saverslak, who had family members with similar situations.

Our supreme court has held that "the State's exclusion of a minority venireperson based on a certain characteristic, while accepting a white venireperson who shares the same characteristic, does not necessarily show that the State's explanation is pretextual." *People v. Williams*, 209 Ill. 2d 227, 245, 807 N.E.2d 448, 460 (2004); see also *People v. Wiley*, 165 Ill. 2d 259, 283, 651 N.E.2d 189, 199 (1995). Here, although *voir dire* revealed that Pinkins, Mason and Saverslak each had an immediate family member (mother, daughter and wife, respectively) who worked in a health care facility that also was associated with a witness or a potential witness, the circumstances of the three venire members are distinguishable.

An excluded juror "may possess an additional trait that caused the State to find him unacceptable, while the juror who was not challenged may possess an additional characteristic that prompted the State to find him acceptable to serve as a juror." *Wiley*, 165 Ill. 2d at 283, 651 N.E.2d at 199. Although Pinkins' mother and Mason's daughter were employed at a facility where Dr. Hemmerich also worked, Pinkins lived with her mother. Mason stated in *voir dire* that his grown daughter did not live at home and that they did not discuss her work.

Defendant stated in the petition that *Batson* counsel was deficient in failing to argue that Saverslak was similarly situated to Pinkins because his wife worked at Holy Family Hospital. Defendant asserted that before trial, he had adopted the potential witnesses in the State's original answer to discovery, a list that included "Dr. Rottenburg" and "[o]ther presently unknown personnel" from Holy Family Hospital. Defendant asserts that Saverslak therefore was similarly situated to Pinkins, whose mother worked at a facility that also employed Dr. Hemmerich.

We do not find that Dr. Hemmerich was comparable to other witnesses. The record reveals that before trial, Dr. Hemmerich examined defendant and issued a report that defendant was fit to stand trial. *Coulter I*, 230 Ill. App. 3d at 213, 594 N.E.2d at 1166. The record also indicates the trial court's difficulty in obtaining a report from Dr.

Hemmerich as to defendant's insanity defense. *Coulter I*, 230 Ill. App. 3d at 213, 594 N.E.2d at 1166. At trial, Dr. Hemmerich testified that defendant was insane at the time of the shooting; that opinion was countered with another doctor's testimony that defendant did not suffer from a mental illness at the time of the offense. *Coulter I*, 230 Ill. App. 3d at 215, 594 N.E.2d at 1167. It was evident to the State and defense counsel at the time of jury selection that Dr. Hemmerich's credibility was a key to defendant's case. A potential juror (Pinkins) who might have lent more weight to Dr. Hemmerich's opinion was not similarly situated to a potential juror (Saverslak) who may have found another witness's testimony more believable due to his wife's association with the same health care facility. That conclusion does not alter our analysis regarding venire member Mason, since we have already found he was not similarly situated to Pinkins due to their respective living situations.

We note that this court has previously rejected defendant's assertion that Pinkins' dismissal due to her mother's employment was pretextual. "[T]he State's explanation may be fairly read as a concern that Pinkins might give more credibility to Dr. Hemmerich because he had worked at the same hospital as her mother. *The same could not be said of any of the accepted venirepersons.*" (Emphasis added.) *Coulter I*, 230 Ill. App. 3d at 228-29, 594 N.E.2d at 1176. Furthermore, the State noted at the *Batson* hearing that Saverslak did not serve on the jury because the defense exercised a peremptory challenge against him.[2]

Defendant was not prejudiced by counsel's failure to specifically mention Pinkins' circumstances at the *Batson* hearing. Because a defendant must satisfy both components of *Strickland*, a failure to establish either proposition is fatal to his claim. *Easley*, 192 Ill. 2d at 318, 736 N.E.2d at 985. Because we have found defendant's *Batson* counsel was not ineffective, defendant's claim of ineffective assistance of appellate counsel in *Coulter II* is unsuccessful as well. See *People v. Nunez*, 325 Ill. App. 3d 35, 40, 756 N.E.2d 941, 946 (2001) (unless trial counsel's performance is found to be ineffective, defendant has suffered no prejudice from appellate counsel's failure to challenge trial counsel's competency). Therefore, defendant has failed to stated the gist of a constitutional claim.

---

[2] Unlike Pinkins and Saverslak, Mason was not excused by the State of the defense, and he served on the jury that convicted defendant of first degree murder.

Accordingly, for all of the foregoing reasons, we affirm the summary dismissal of defendant's postconviction petition.

Affirmed.

O'MARA FROSSARD, P.J., and FITZGERALD SMITH, J., concur.