846 N.E.2d 947 (2005)
364 Ill. App.3d 1
301 Ill.Dec. 344
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Kenneith JONES, Defendant-Appellant.
No. 1-01-3731.
Appellate Court of Illinois, First District, Fourth Division.
June 9, 2005.
Rehearing Denied July 14, 2005.
*948 Richard A. Devine, State's Attorney of Cook County, Chicago (Assistant State's Attorneys Renee Goldfarb, Kathleen Warnick and Michele Grimaldi Stein, of counsel), for Appellee.
Edwin Burnett, Public Defender, Cook County, Chicago (Assistant Public Defender R.H.R. Silvertrust, of counsel), for Appellant.
Justice QUINN delivered the opinion of the court:
Following a bench trial, defendant Kenneith Jones was convicted of first degree murder and sentenced to 25 years in prison. On direct appeal, this court allowed defense counsel to withdraw as appellate counsel and affirmed the trial court's judgment after determining there were no issues of arguable merit under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). People v. Jones, No. 1-99-1235, 316 Ill.App.3d 1291, 268 Ill.Dec. 908, 779 N.E.2d 522 (2000) (unpublished order under Supreme Court Rule 23). On March 27, 2001, defendant filed a pro se petition for postconviction relief, alleging that trial counsel's representation was constitutionally deficient. On June 1, 2001, the circuit court summarily dismissed defendant's pro se petition solely on the bases of waiver and res judicata. On appeal, defendant contends that waiver and res judicata could not have barred his claims of ineffective assistance of counsel because those issues relate to matters outside the record on direct appeal. We reverse and remand with directions.
On July 10, 1996, Shekena Waltower, a 14-year-old bystander, was killed when two men fired 20 to 30 shots into a small crowd in a gang-related shooting. Defendant was convicted of the victim's murder based on the identification testimony of three witnesses: (1) Pia Easley; (2) Pia's mother, Sonia Easley; and (3) Antojuan Chew. Pia and Sonia Easley witnessed the shooting from an apartment across the street, and Chew was among the crowd fired upon, but escaped unharmed.
On September 29, 2000, this court affirmed defendant's conviction following the filing of an Anders motion and brief by appellate counsel. People v. Jones, No. 1-99-1235. Defendant did not respond to his appellate counsel's Anders motion.
On March 27, 2001, defendant filed a pro se petition for postconviction relief alleging ineffective assistance of counsel based on his: (1) failure to interview certain alibi witnesses; (2) decision not to call alibi witnesses that he had interviewed; and (3) ineffective cross-examination of the State's key witnesses. Defendant's pro se petition was supported by six affidavits and an investigative report prepared by the State's Attorney's office.
Pia Easley's affidavit recanted her trial testimony and claimed that her mother and the State's Attorney's office had pressured *949 her to testify against defendant. Pia asserted that Sonia Easley had a drug problem and often purchased narcotics from David Freeman and Derrick Brooks, the intended targets of the shooting. Lastly, Pia stated that at the time of the shooting she was not wearing her eyeglasses and that, without them, she is legally blind in one eye.
The affidavits of Demetria Jones, Frankie Summers, Ayrie Summers, Raquel Lindsey, and Crystal Johnson each asserted that defendant was socializing with them at the time of the shooting and consequently could not have murdered the victim. Demetria Jones is defendant's mother, and the remaining alibi witnesses are unrelated to defendant. Frankie and Ayrie Summers and Raquel Lindsey each claimed that they were present at defendant's trial and available to testify but were not called as witnesses by trial counsel.
The State's Attorney's investigative report established that during an interview with the police shortly after the shooting, Eric Tiggs claimed that Dwight Washington and Keith King had perpetrated the shooting. Tiggs specifically disavowed defendant's involvement. Tiggs was not called as a defense witness, despite the fact that trial counsel had obtained this report.
On June 1, 2001, the circuit court summarily dismissed defendant's pro se petition based on its finding that all of defendant's claims were barred by waiver or res judicata. In so finding, the court stressed that defendant had been given the opportunity to respond to his appellate counsel's Anders motion, but had failed to do so. Thus, "[b]ecause petitioner could have raised the issues he now complains of on appeal but did not, petitioner has effectively waived all of the issues in the instant petition. Hence, all of the claims raised in the instant petition are dismissed as they are barred from consideration by the doctrine of res judicata and waiver." This appeal followed.
On appeal, defendant contends that the trial court erroneously dismissed his petition on grounds of waiver and res judicata because his ineffective assistance claims rely on evidence de hors the record. The State submits that even if the trial court's basis for dismissal was improper, we should affirm the trial court's determination because defendant's petition does not state the gist of a constitutional claim, as required by the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2000)).
In noncapital cases, the Act sets forth a three-stage process for the adjudication of postconviction petitions. People v. Boclair, 202 Ill.2d 89, 99, 273 Ill.Dec. 560, 789 N.E.2d 734 (2002). At the first stage, section 122-2.1 directs the circuit court to independently assess the substantive merit of a postconviction petition, and if the court finds that the petition is "frivolous" or "patently without merit," it may summarily dismiss it. 725 ILCS 5/122-2.1 (West 2000). However, if a pro se petition sets forth "the gist of a constitutional claim," the defendant's case advances to the second stage (725 ILCS 5/122-2.1(a)(2), (b) (West 2000)), where the court may appoint counsel and the State may file a motion to dismiss the petition. 725 ILCS 5/122-4, 122-5 (West 2000); People v. Edwards, 197 Ill.2d 239, 245-46, 258 Ill.Dec. 753, 757 N.E.2d 442 (2001). As the "gist" standard is a low threshold, the post-conviction petition only needs to present a limited amount of detail and does not need to set forth the claim in its entirety. Edwards, 197 Ill.2d at 244, 258 Ill.Dec. 753, 757 N.E.2d 442. If at the second stage a substantial showing of a constitutional violation is established, the petition *950 proceeds to the third stage for an evidentiary hearing. 725 ILCS 5/122-6 (West 1998). Section 122-2.1(c) specifically provides that during the trial court's first-stage examination of a petition, it may "examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2000).
In the instant case, the trial court dismissed the petition because the claims were barred from consideration by the doctrines of res judicata and waiver. There is a conflict among the districts of the appellate court and even among the divisions of the First District of the appellate court regarding the applicability of res judicata and waiver at the first stage of a postconviction proceeding.
In People v. McGhee, 337 Ill.App.3d 992, 272 Ill.Dec. 509, 787 N.E.2d 324 (2003), and People v. Blair, 338 Ill.App.3d 429, 272 Ill.Dec. 936, 788 N.E.2d 240 (2003), appeal allowed, 205 Ill.2d 594, 281 Ill.Dec. 82, 803 N.E.2d 486 (2003), the third division of the First District held that, based on our supreme court's decision in People v. Boclair, 202 Ill.2d 89, 273 Ill.Dec. 560, 789 N.E.2d 734 (2002), trial courts are prohibited from considering the doctrines of waiver, procedural default and res judicata in deciding whether a postconviction petition should be summarily dismissed.
In People v. Jefferson, 345 Ill.App.3d 60, 70, 279 Ill.Dec. 878, 801 N.E.2d 552 (2003), the fourth division of the First District disagreed with the holdings in McGhee and Blair and held that trial courts could consider both waiver and res judicata at the summary dismissal stage.
In People v. Etherly, 344 Ill.App.3d 599, 279 Ill.Dec. 807, 801 N.E.2d 99 (2003), People v. Coulter, 345 Ill.App.3d 691, 281 Ill.Dec. 311, 803 N.E.2d 932 (2004), and People v. Sutherland, 345 Ill.App.3d 937, 281 Ill.Dec. 430, 803 N.E.2d 1051 (2004), the sixth division of the First District held that waiver or procedural default cannot provide the basis for a summary dismissal; however, under certain circumstances, res judicata may provide the basis for a first-stage dismissal.
In People v. Stivers, 338 Ill.App.3d 262, 273 Ill.Dec. 86, 788 N.E.2d 395 (2003), People v. Cleveland, 342 Ill.App.3d 912, 277 Ill.Dec. 486, 796 N.E.2d 201 (2003), and People v. Smith, 345 Ill.App.3d 742, 281 Ill.Dec. 166, 803 N.E.2d 570 (2004) the Second District of the appellate court held that waiver is not a proper basis for summarily dismissing a postconviction petition.
While this division has previously held that waiver and res judicata are proper bases for summary dismissal, we must still ascertain whether the facts of the instant case trigger either doctrine. We conclude that they do not.
The claims advanced by defendant's petition are based on facts not contained in the record on appeal and are supported by affidavits. Cf. People v. Collins, 202 Ill.2d 59, 66, 270 Ill.Dec. 1, 782 N.E.2d 195 (2002) (a petition may be summarily dismissed for failure to either attach the necessary affidavits, records, or other evidence or explain their absence). Many of the facts attested to by the affidavits attached to defendant's petition are not documented by the trial record. That record neither refutes nor corroborates defendant's contentions that trial counsel: (1) failed to interview important alibi witnesses; and (2) failed to present the exculpatory testimony of witnesses that he had interviewed. When the evidentiary basis for a claim raised in a postconviction petition lies outside the record such that the issue cannot be raised before the reviewing court, the waiver rule may be relaxed, *951 allowing the claim to be presented in a postconviction petition. People v. Mahaffey, 194 Ill.2d 154, 171, 252 Ill.Dec. 1, 742 N.E.2d 251 (2000); People v. Hawkins, 181 Ill.2d 41, 53, 228 Ill.Dec. 924, 690 N.E.2d 999 (1998). As petitioner's claim is based on matters outside the record, waiver does not bar his ineffective assistance claims.
We also find that res judicata does not preclude defendant's postconviction allegations because his direct appeal was decided on appellate counsel's Anders motion. Accordingly, our decision did not address any specific issue. Cf. People v. Adams, 338 Ill.App.3d 471, 476, 272 Ill.Dec. 948, 788 N.E.2d 252 (2003) (on direct appeal, reviewing court rejected petitioner's argument that he was deprived of effective assistance of trial counsel when counsel failed to move for dismissal on speedy trial grounds; accordingly, petitioner was barred by res judicata from relitigating the claim in a postconviction proceeding).
Lastly, we categorically reject the trial court's suggestion that a defendant's failure to respond to his appellate counsel's Anders motion to withdraw results in the waiver of all future claims, including those more properly pursued in a collateral, postconviction proceeding. This assertion has no basis in the law. See People v. Rose, 43 Ill.2d 273, 279, 253 N.E.2d 456 (1969) ("any right which may have existed to a post-conviction hearing on the constitutionality of imprisonment will remain undiminished" even if a defendant fails to appeal).
Applying the plenary standard of review, we find that defendant's petition advances the gist of a constitutional claim. For the foregoing reasons, we reverse the summary dismissal of defendant's postconviction petition and remand this case to the circuit court with instructions that it docket the petition for consideration in accordance with sections 122-4 through 122-6 of the Act. 725 ILCS 5/122-4 through 122-6 (West 2000).
Reversed and remanded with instructions.
REID, P.J., and GREIMAN, J., concur.