NO. 4-04-0847     Filed: 5/5/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>　　　　Plaintiff-Appellee,<br>　　　　v.<br>STEVAN G. NEWMAN<br>　　　　Defendant-Appellant. | ) Appeal from<br>) Circuit Court of<br>) Livingston County<br>) No. 01CF217<br>)<br>) Honorable<br>) Harold J. Frobish,<br>) Judge Presiding. |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

On June 25, 2004, defendant, Stevan G. Newman, filed an amended petition for postconviction relief, alleging he received ineffective assistance of counsel and the trial court failed to properly admonish him regarding the period of mandatory supervised release (MSR) he was required to serve in connection with his sentence. On September 1, 2004, the court dismissed defendant's petition on the State's motion. Defendant appeals, arguing the court erred in dismissing his petition because its failure to admonish him regarding MSR violated his constitutional rights and entitled him to an opportunity to withdraw his guilty plea. We affirm.

On March 21, 2002, defendant pleaded guilty to felony murder (720 ILCS 5/9-1(a)(3) (West 2000)). Pursuant to the terms of his negotiated plea agreement with the State, the trial court sentenced him to 20 years in prison with 155 days' credit for time served. During the guilty-plea hearing, defendant was not advised that he would be required to serve a three-year period of

MSR pursuant to section 5-8-1(d)(1) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d)(1) (West 2000)).

On July 8, 2002, defendant filed an amended petition to withdraw his guilty plea and vacate sentence. He raised ineffective-assistance-of-counsel claims and alleged his guilty plea was not made knowingly and voluntarily. Defendant did not raise an improper-admonishment claim. Following a hearing, the trial court denied defendant's petition and he appealed to this court. On December 15, 2003, while his direct appeal was pending, defendant filed a petition for postconviction relief. In his petition, defendant alleged he was not properly admonished regarding his MSR obligation.

On March 4, 2004, the office of the State Appellate Defender (OSAD) moved to withdraw as defendant's appellate counsel in his direct appeal. It contended no colorable argument could be made that the trial court erred in dismissing defendant's petition to withdraw his guilty plea. Defendant was given until April 2, 2004, to file additional points and authorities, but none were filed. On June 22, 2004, this court granted OSAD's motion to withdraw and affirmed the court's judgment, stating defendant was fully admonished and entered a knowing and voluntary guilty plea. People v. Newman, No. 4-02-0660 (June 22, 2004) (unpublished order under Supreme Court Rule 23).

On June 25, 2004, defendant filed an amended petition for postconviction relief, alleging (1) defense counsel provided ineffective assistance of counsel by coercing defendant to plead

guilty, inadequately preparing for trial, and failing to advise defendant he would be required to serve a period of MSR in connection with his sentence; (2) his counsel during proceedings to withdraw his guilty plea was ineffective for failing to advise him that he could seek to withdraw his guilty plea based on the trial court's failure to give an MSR admonishment; and (3) he was denied certain state and federal constitutional rights when the court failed to admonish him regarding MSR.  On July 26, 2004, the State filed a motion to dismiss defendant's petition.  It argued the allegations contained in the petition were barred by the doctrines of res judicata and waiver or were conclusory and insufficient to entitle defendant to an evidentiary hearing.

On September 1, 2004, following a hearing, the trial court issued a written order dismissing defendant's amended postconviction petition, finding the record did not present a substantial showing of a constitutional violation.  The court concluded defendant's allegations regarding ineffective assistance of defense counsel had been fully explored and already determined or otherwise waived.  Further, it noted, although defendant was fully advised regarding the minimum and maximum penalties he could receive, he was not advised regarding his obligation to serve an MSR term.  Nevertheless, the court determined the lack of an MSR admonishment did not, per se, render defendant's plea agreement constitutionally infirm.

Instead, the trial court found defendant forfeited the issue because he could have raised it earlier, in either the

motion to withdraw his guilty plea or on direct appeal, but he did not. Further, it concluded (1) defendant failed to raise a good-faith argument that he would not have pleaded guilty if he had been fully informed of the MSR requirement and (2) he was not prejudiced by the court's failure to provide an MSR admonishment. The court noted that, at the hearing on the State's motion to dismiss defendant's petition, defendant stated he would not be satisfied if his MSR term were taken away because he felt he was innocent of the crime. The court then dismissed defendant's petition.

This appeal followed.

On appeal, defendant argues he was not properly or fully admonished pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402). Specifically, he contends the trial court failed to admonish him as to his statutory MSR obligation and, as a result, he received a more onerous sentence than the one for which he bargained as part of his plea agreement. Defendant requests that this court reverse the trial court's dismissal of his amended postconviction petition and remand to the trial court so he may have the opportunity to withdraw his guilty plea.

The State concedes the trial court erred by failing to admonish defendant regarding his MSR obligation but contends defendant forfeited the issue by not raising it in his motion to withdraw his guilty plea or on direct appeal. Defendant argues his claim is not barred by forfeiture because the supreme court addressed the precise issue at hand in People v. Whitfield, 217

Ill. 2d 177, 840 N.E.2d 658 (2005), and declined to apply forfeiture where a defendant pleaded guilty but failed to receive an MSR admonishment.  Alternatively, he argues this court may review his claim of error pursuant to the plain-error rule.

Supreme Court Rule 402 provides that "every defendant who enters a plea of guilty has a due process right to be properly and fully admonished."  Whitfield,  217 Ill. 2d at 188, 840 N.E.2d at 665.  Compliance with Rule 402 requires that a court admonish a defendant who pleads guilty that a period of MSR will be part of the imposed sentence.  Whitfield, 217 Ill. 2d at 188, 840 N.E.2d at 665.  Substantial compliance with Rule 402 is sufficient to establish due process; however, when a defendant pleads guilty in exchange for a specific sentence and the trial court does not give an MSR admonishment before it accepts the plea, there is no substantial compliance with Rule 402 and due process is violated.  Whitfield, 217 Ill. 2d at 195, 840 N.E.2d at 669.

Pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 through 122-8 (West 2002)) "a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights."  Whitfield, 217 Ill. 2d at 183, 840 N.E.2d at 663.  A defendant is only entitled to relief under the Act if he can prove he suffered a substantial deprivation of his constitutional rights in the proceedings that produced his conviction or sentence.  Whitfield, 217 Ill. 2d at 183, 840 N.E.2d at 663.  A trial court's second-stage dismissal of a postconviction petition

is subject to <u>de</u> <u>novo</u> review.  <u>Whitfield</u>, 217 Ill. 2d at 182, 840 N.E.2d at 662.

Further, it is well established that issues are not amenable to postconviction review when they could have been raised on direct appeal but were not.  <u>Whitfield</u>, 217 Ill. 2d at 187, 840 N.E.2d at 665.  In such circumstances, the issues are forfeited and further consideration of them is barred.  <u>People v. Blair</u>, 215 Ill. 2d 427, 443-44, 831 N.E.2d 604, 615 (2005).  To excuse forfeiture in the context of postconviction proceedings, it must be determined that (1) fundamental fairness so requires, (2) the alleged forfeiture stems from the incompetence of appellate counsel, or (3) facts relating to the claim do not appear on the face of the original appellate record.  <u>Blair</u>, 215 Ill. 2d at 450-51, 831 N.E.2d at 619.

In <u>Whitfield</u>, 217 Ill. 2d at 188, 840 N.E.2d at 665, the supreme court declined to apply forfeiture to a defendant's improper-admonishment claim.  In that case, the defendant pleaded guilty to first degree murder and armed robbery pursuant to a negotiated plea agreement with the State.  <u>Whitfield</u>, 217 Ill. 2d at 179, 840 N.E.2d at 661.  The terms of the agreement included that defendant would receive concurrent sentences of 25 and 6 years in prison.  <u>Whitfield</u>, 217 Ill. 2d at 179, 840 N.E.2d at 661.  However, the trial court failed to advise the defendant that he would be required to serve a three-year MSR period.  <u>Whitfield</u>, 217 Ill. 2d at 180, 840 N.E.2d at 661.

The defendant did not file a motion to withdraw his

guilty plea or a direct appeal but later filed a motion for relief from judgment that was treated as a postconviction petition. Whitfield, 217 Ill. 2d at 180-81, 840 N.E.2d at 661-62. In his motion, the defendant alleged his due-process rights were violated because he was not advised that an MSR term would be added to his negotiated sentence. Whitfield, 217 Ill. 2d at 180, 840 N.E.2d at 661. Finding forfeiture did not apply to the facts of that case, the supreme court noted every defendant who enters a plea of guilty is entitled to be properly and fully admonished and such admonishments include being advised of MSR obligations. Whitfield, 217 Ill. 2d at 188, 840 N.E.2d at 665-66. It noted the defendant was not properly and fully admonished and stated as follows:

> "Under the circumstances, it would be incongruous to hold that defendant forfeited the right to bring a postconviction claim because he did not object to the circuit court's failure to admonish him. To so hold would place the onus on defendant to ensure his own admonishment in accord with due process." Whitfield, 217 Ill. 2d at 188, 840 N.E.2d at 666.

The court went on to note that the defendant could not have raised his claim of error in a motion to withdraw his guilty plea or on direct appeal, even if he had filed them, because he did not learn about his MSR obligation until he was in prison.

<u>Whitfield</u>, 217 Ill. 2d at 188, 840 N.E.2d at 666.

In this case, defendant filed both a motion to withdraw his guilty plea and a direct appeal. Although he could have raised his improper-admonishment claim in connection with each, he did not. Thus, the State correctly asserts defendant forfeited this issue. As noted, forfeiture does not apply when fundamental fairness so requires, the forfeiture stems from the incompetence of appellate counsel, or facts relating to the claim do not appear on the face of the original appellate record. Defendant does not make arguments in connection with any of these recognized exceptions and, thus, we do not consider them.

Instead, defendant contends this precise issue was addressed in <u>Whitfield</u>, wherein the supreme court determined the defendant's improper-MSR-admonishment claim was not barred by forfeiture. <u>Whitfield</u>, however, is distinguishable from the case at bar. Specifically, in <u>Whitfield</u> the supreme court determined there was no procedural default under the facts of that case; it did not hold that all improper-MSR-admonishment claims were immune from forfeiture. Further, unlike defendant in this case, the defendant in <u>Whitfield</u> did not file a motion to withdraw his guilty plea or a direct appeal. Instead, the court was faced with the defendant's failure to make a contemporaneous objection to the trial court's improper admonishment.

Additionally, in <u>Whitfield</u>, the supreme court noted that the defendant alleged he did not become aware of his improper admonishment until after he was already in prison and when

he could not have raised the error in a motion to withdraw his plea or on direct appeal. Defendant here makes no similar allegation. Further, the record shows that while his direct appeal was pending, defendant filed his initial postconviction petition on December 15, 2003, and alleged he was not advised of his MSR obligation. Thus, defendant was aware of that particular claim of error prior to (1) the date OSAD moved to withdraw as appellate counsel, on March 4, 2004; (2) when this court granted him leave to file additional points and authorities, of which defendant filed none; and (3) the resolution of his direct appeal.

In Whitfield, the supreme court's forfeiture decision was based upon the particular facts of that case and defendant's situation is factually distinguishable. Moreover, Whitfield does not stand for the proposition that allegations of improper MSR admonishments are immune from forfeiture in postconviction proceedings. Thus, defendant's procedural default is not excused under the reasoning of that case.

Defendant also argues any forfeiture is excused because the trial court committed plain error by failing to admonish regarding MSR. The plain-error rule, however, does not apply when a defendant is seeking review of procedurally defaulted claims raised in a postconviction petition. People v. Owens, 129 Ill. 2d 303, 317, 544 N.E.2d 276, 281 (1989). Therefore, defendant's forfeiture of his improper-admonishment claim is also not excused pursuant to that rule.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

TURNER, P.J., concurs.

COOK, J., dissents.

JUSTICE COOK, dissenting:

I respectfully dissent and would reverse and remand the dismissal of defendant's amended petition for postconviction relief.

As the majority recognizes, compliance with Rule 402(a) requires that a defendant pleading guilty be admonished that the period of mandatory supervised release is a part of the sentence that will be imposed. Whitfield, 217 Ill. 2d at 188, 840 N.E.2d at 665. The requirement is an affirmative one that generally cannot be forfeited. A failure to object does not constitute forfeiture. "[I]t would be incongruous to hold that defendant forfeited the right to bring a postconviction claim because he did not object to the circuit court's failure to admonish him. To so hold would place the onus on defendant to ensure his own admonishment in accord with due process." Whitfield, 217 Ill. 2d at 188, 840 N.E.2d at 666.

Nor is there a procedural default because a defendant does not raise the improper-admonishment claim in a motion to withdraw his guilty plea or in a direct appeal. Where the defendant did not learn of the problem until later, "he could not have raised the error in a motion to withdraw his plea or a direct appeal." Whitfield, 217 Ill. 2d at 188, 840 N.E.2d at 666.

The majority distinguishes Whitfield on the basis that

the defendant there did not file a motion to withdraw guilty plea or a direct appeal.  Defendant here filed both a motion to withdraw guilty plea and a direct appeal, and although "he could have raised his improper-admonishment claim in connection with each, he did not."  Slip op. at 8.

The majority misreads Whitfield.  The supreme court in Whitfield did not attempt to distinguish between defendants who file motions and direct appeals and defendants who do not.  The supreme court considered a defendant who "did not raise the issue in a motion to withdraw his guilty plea or in a direct appeal." (Emphasis added.)  Whitfield, 217 Ill. 2d at 188, 840 N.E.2d at 665.  A defendant who files a motion that does not mention an issue fails to raise the issue just as a defendant who files no motion at all.  A defendant who files a direct appeal that does not mention an issue fails to raise the issue just as a defendant who takes no appeal at all.  Once a defendant learns of an improper-admonishment claim, however, he is required to raise it.

Defendant raised the improper-admonishment claim here when he filed a pro se petition for postconviction relief on December 15, 2003.  Nevertheless, OSAD, on March 24, 2004, moved to withdraw as defendant's appellate counsel in his direct appeal on the basis no colorable argument could be made.  Assuming the majority's argument that OSAD forfeited the issue by failing to raise it on direct appeal has any validity, OSAD's "forfeiture"

cannot bind defendant here.  OSAD was clearly ineffective in moving to withdraw, either in failing to confer with defendant regarding his allegations, or in failing to raise those allegations in the appeal.

The majority complains that defendant failed to file additional points and authorities when OSAD moved to withdraw, but that argument has been properly rejected.  People v. Jones, No. 1-01-3731 (June 9, 2005), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___.  We cannot avoid ineffective-assistance-of-counsel issues by complaining that defendant should have known better than his attorney.

The majority recognizes that forfeiture does not apply where the forfeiture stems from the incompetence of appellate counsel but complains that "[d]efendant [OSAD] does not make arguments in connection with any of these recognized exceptions and, thus, we do not consider them."  Slip op. at 8.  OSAD's failure to raise a claim that it was ineffective on the direct appeal is excused.  People v. Coulter, 352 Ill. App. 3d 151, 155, 815 N.E.2d 899, 903 (2004) (OSAD's argument that it could not be expected to raise its direct appeal ineffectiveness in the postconviction petition was rejected, where OSAD did not file the postconviction petition).  It would be unreasonable to expect appellate counsel to raise and argue his own incompetency.  People v. Gaines, 105 Ill. 2d 79, 91, 473 N.E.2d 868, 875 (1984).

˘ 13 ˘

Defendant is whipsawed in this case.  The majority says that his improper-admonishment argument could have been raised on direct appeal because he had already raised it in his postconviction petition.  Then the majority says that the postconviction petition cannot be considered because the issue could have been raised on direct appeal.