NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 241278-U

NO. 4-24-1278

IN THE APPELLATE COURT

FILED
January 23, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| DEOTHIUS N. MACK, | ) | No. 10CF11 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court reversed the trial court's dismissal of defendant's
postconviction petition and remanded the matter for substantial compliance with
Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 2     In April 2021, defendant, Deothius N. Mack, filed a *pro se* postconviction petition

pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). In

July 2021, the trial court appointed postconviction counsel. Thereafter, counsel filed an amended

petition and a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Following

an August 2024 hearing, the court dismissed defendant's petition.

¶ 3     Defendant appeals, arguing postconviction counsel failed to substantially comply

with Rule 651(c). For the following reasons, we reverse and remand for further postconviction

proceedings.

¶ 4                          I. BACKGROUND

¶ 5        In January 2010, the State charged defendant with attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) West 2008)) (count I), three counts of armed robbery (*id.* § 18-2(a)(2)-(4)) (counts II-IV), and aggravated battery with a firearm (*id.* § 12-4.2(a)(1)) (count V).

¶ 6        In November 2010, defendant pleaded guilty to count V. In exchange, the State dismissed the remaining counts. There was no agreement as to the sentence. In January 2011, the trial court sentenced defendant to 24 years' imprisonment, followed by 3 years of mandatory supervised release (MSR).

¶ 7        In February 2011, defendant and his counsel both filed motions to reconsider the sentence. Several years passed without a ruling on either motion. After defendant sent several letters to the trial court, a hearing was held, and the court denied the motions in October 2018. Defendant appealed, and the case was remanded for the filing of a new postplea motion, the filing of an Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) certificate, and a *de novo* hearing on the postplea motion. *People v. Mack*, No. 3-18-0597 (2019) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8        On remand, defendant filed a "motion to reconsider sentence or to withdraw plea of guilty." In August 2019, the trial court held a hearing on the motion. Counsel declined to present any argument on the portion of the motion to withdraw the guilty plea. The court denied the motion. Defendant appealed, and the reviewing court affirmed his sentence. *People v. Mack*, 2020 IL App (3d) 190522-U, ¶ 17.

¶ 9        In April 2021, defendant filed a *pro se* postconviction petition. The petition alleged plea counsel was ineffective for (1) refusing to challenge defendant's warrantless arrest, (2) refusing to subpoena the police interview video of defendant, (3) advising defendant to plead guilty after his codefendant was acquitted, (4) pressuring defendant to plead guilty by

inaccurately claiming he would receive 55 years in prison if he went to trial, and (5) erroneously advising defendant the State had agreed to a determinate sentence, namely, a 24-year sentence including MSR, as opposed to a non-negotiated plea. The petition further alleged these errors rendered his guilty plea involuntary and absent these errors, defendant would not have pleaded guilty and would have insisted on going to trial. Defendant attached his notarized affidavit to the petition.

¶ 10 In July 2021, the trial court docketed the petition for second-stage proceedings and appointed postconviction counsel to represent defendant.

¶ 11 In January 2024, postconviction counsel filed an amended petition. The amended petition incorporated the *pro se* petition and affidavit by reference. The petition reasserted the *pro se* claims of ineffective assistance of counsel. As to prejudice, the amended petition stated, but for counsel's unprofessional errors, there was a significant chance defendant's warrantless arrest or purported confession could provide a basis for a motion to suppress or a "coercion defense." Had the State's evidence been excluded, the petition argued, counsel could have negotiated a more favorable plea agreement for defendant. In April 2024, counsel filed a certificate asserting compliance with Rule 651(c).

¶ 12 On August 15, 2024, the State filed a motion to dismiss the petition. The State argued defendant failed to establish prejudice, as the State agreed to dismiss four charges with much higher sentencing ranges in exchange for defendant's guilty plea on the charge with the lowest sentencing range. The State alleged defendant's claim as to the potential sentencing range was contradicted by the record, where defendant was properly admonished as to the potential sentencing range before pleading guilty. The State noted defendant conceded the record contradicted his allegation regarding a determinate sentence. Finally, the State maintained

- 3 -

defendant forfeited his claims because he could have raised them in his motion to withdraw his guilty plea or on direct appeal and failed to do so.

¶ 13    On August 23, 2024, the trial court held a hearing on the State's motion. Following the arguments of the parties, the court took the matter under advisement.

¶ 14    In September 2024, the trial court granted the State's motion and dismissed the amended petition.

¶ 15    This appeal followed.

¶ 16                                II. ANALYSIS

¶ 17    On appeal, defendant argues he was denied the reasonable assistance of postconviction counsel where counsel failed to put his *pro se* claims into proper legal form in the amended petition.

¶ 18                           A. Waiver and Forfeiture

¶ 19    The State contends defendant waived any challenge to plea counsel's effectiveness by voluntarily pleading guilty. "It has been long established in Illinois caselaw that a voluntary guilty plea waives all nonjurisdictional errors, including constitutional defects." *People v. Johnson*, 2021 IL App (1st) 152310, ¶ 21. An exception to this rule applies where a defendant claims that his or her guilty plea was involuntary because plea counsel provided deficient advice. *People v. Smith*, 383 Ill. App. 3d 1078, 1085 (2008). In this case, defendant alleged numerous claims of ineffective assistance, including that plea counsel refused to investigate certain evidence and provided erroneous advice regarding the State's offer and sentencing. These claims directly relate to the voluntariness of his plea and whether plea counsel provided deficient advice. Accordingly, defendant has not waived his claims on this basis.

¶ 20    The State further contends defendant waived his claims by failing to move to

- 4 -

withdraw his guilty plea before pursuing his postconviction appeal. Rule 604(d) provides, in relevant part, the following:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court \*\*\*, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

While this is true for direct appeals, defendant here raises his claims in a postconviction proceeding. "Rule 604(d) does not apply in post-conviction proceedings." *People v. Miranda*, 329 Ill. App. 3d 837, 841 (2002); see *People v. Flowers*, 208 Ill. 2d 291, 302 (2003) ("The requirements of Rule 604(d) are inapplicable to postconviction proceedings."). Accordingly, defendant was not required to file a motion to withdraw his guilty plea to preserve his postconviction claims.

¶ 21 Alternatively, the State argues defendant forfeited his claims by failing to raise them in his motion to reconsider his sentence or on direct appeal. "[I]t is well established that issues are not amenable to postconviction review when they could have been raised on direct appeal but were not." *People v. Newman*, 365 Ill. App. 3d 285, 288 (2006). The doctrine of forfeiture is relaxed where: (1) fundamental fairness so requires, (2) the alleged forfeiture stems from the incompetence of appellate counsel, or (3) the facts relating to the claim do not appear on the face of the original appellate record. *Id.* In this case, defendant's claims depend on facts outside the record, namely, his private discussions with plea counsel. Because the facts relating to defendant's claims do not appear in the original appellate record, we will relax the doctrine of forfeiture and consider his arguments on the merits.

¶ 22 B. Reasonable Assistance of Counsel

¶ 23　　　　Defendant asserts he was denied the reasonable assistance of postconviction counsel where appointed counsel failed to make the necessary amendments to the amended postconviction petition to shape his claims of ineffective assistance of plea counsel into appropriate legal form.

¶ 24　　　　The Act provides a three-stage procedure through which criminal defendants may challenge their convictions based on a substantial deprivation of their federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2020). At the first stage, the trial court must independently review the petition and dismiss it if it is frivolous or patently without merit. (*id.* § 122-2.1(a)(2)). If the petition is not summarily dismissed, the court must docket it for further consideration at the second stage. *People v. Addison*, 2023 IL 127119, ¶ 18. At the second stage, the court may appoint counsel to assist an indigent defendant. 725 ILCS 5/122-4 (West 2020).

¶ 25　　　　There is no constitutional right to the assistance of counsel in postconviction proceedings. *People v. Agee*, 2023 IL 128413, ¶ 37. A petitioner is entitled to only a reasonable level of assistance as granted by the Act. *People v. Flores*, 153 Ill. 2d 264, 276 (1992). To ensure a reasonable level of assistance, Rule 651(c) requires postconviction counsel to file a certificate stating he has (1) consulted with the petitioner by phone, mail, electronic means, or in person to ascertain his or her contentions of deprivation of constitutional rights, (2) examined the record of proceedings, and (3) made any amendments necessary to the *pro se* petition to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). When postconviction counsel fails to comply with any one of the above duties, remand is required regardless of whether the claims have merit. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007). We review *de novo* whether postconviction counsel has complied with Rule 651(c). *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19.

¶ 26        The filing of a facially valid Rule 651(c) certificate raises the rebuttable presumption that postconviction counsel acted reasonably and complied with the rule. *Addison*, 2023 IL 127119, ¶ 21. Here, postconviction counsel filed a facially valid Rule 651(c) certificate. As such, defendant bears the burden of rebutting the presumption by showing postconviction counsel did not substantially comply with the rule.

¶ 27        A challenge to a guilty plea based upon ineffective assistance of counsel is analyzed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Agee*, 2023 IL 128413, ¶ 50. When alleging a claim of ineffective assistance, a defendant must demonstrate (1) counsel's performance fell below an objective standard of reasonableness and (2) he was prejudiced by counsel's deficient performance. *Id.* To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *People v. Watkins*, 2019 IL App (4th) 180605, ¶ 31. However, "[a] conclusory allegation that a defendant would not have [pleaded] guilty and would have demanded a trial is insufficient to establish prejudice." *Agee*, 2023 IL 128413, ¶ 51. Rather, where an ineffective assistance claim concerns a matter of defense strategy, the defendant must assert either a claim of innocence or a plausible defense that could have been raised at trial. *Id.*

¶ 28        The record in this case rebuts the presumption that postconviction counsel made the necessary amendments for an adequate presentation of defendant's contentions. Postconviction counsel's argument as to prejudice essentially amounted to a conclusory statement that, but for plea counsel's unprofessional errors, defendant would not have pleaded guilty. Counsel briefly asserted that defendant could have raised a "coercion defense" but cited no case law in support of this claim or any explanation as to why this could have been a plausible

defense at trial. See *id.* Counsel further failed to shape defendant's prejudice argument into proper legal form. In the amended petition, postconviction counsel argued defendant was prejudiced because "effective counsel could have negotiated a plea which offered some advantage to [defendant] instead of simply advising him to plead in the blind." However, to establish prejudice in the plea context, a defendant must assert that he would not have pleaded guilty and instead insisted on going to trial. *Watkins*, 2019 IL App (4th) 180605, ¶ 31. Because the amended petition failed to (1) assert a claim of innocence or a plausible defense defendant could have raised at trial and (2) set forth his *Strickland* claims into proper legal form, the necessary amendments for an adequate presentation of defendant's postconviction claims were not made in this case.

¶ 29    Postconviction counsel's failure to comply with the requirements of Rule 651(c) mandates this matter be remanded to the trial court for further second-stage proceedings. "We also direct the trial court to provide defendant new postconviction counsel who shall have leave to amend and to add supporting documentation, as counsel deems necessary, in support of defendant's claims." *People v. Burns*, 2019 IL App (4th) 170018, ¶ 3. Because we are remanding for compliance with Rule 651(c), we express no opinion as to the merits of defendant's postconviction claims. See *Addison*, 2023 IL 127119, ¶ 33.

¶ 30                                III. CONCLUSION

¶ 31    For the reasons stated, we reverse the trial court's judgment and remand the cause for further second-stage proceedings.

¶ 32    Reversed and remanded with directions.