Docket No. 83654–Agenda 2–September 1999.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RONALD KITCHEN, Appellant.

Opinion filed November 18, 1999.–Modified on denial of rehearing April 3, 2000.  

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

Following a trial in the circuit court of Cook County, a jury convicted defendant, Ronald Kitchen, of five counts of murder.  Ill. Rev. Stat. 1985, ch. 38, par. 9–1(a)(1). The jury found defendant eligible for the death penalty under section 9–1(b)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 9–1(b)(3)) and further concluded, after hearing the evidence in aggravation and mitigation, that there were no mitigating factors sufficient to preclude the imposition of the death penalty. This court affirmed defendant’s convictions and death sentence on direct appeal, and the United States Supreme Court denied 
certiorari
. 
People v. Kitchen
, 159 Ill. 2d 1 (1994), 
cert. denied
, 513 U.S. 1020, 130 L. Ed. 2d 500, 115 S. Ct. 586 (1994).

Defendant thereafter filed a timely petition for relief pursuant to the Post-Conviction Hearing Act. 725 ILCS 5/122–1 (West 1994). The circuit court denied relief, and this appeal followed.  134 Ill. 2d R. 651. We now vacate the circuit court’s order denying relief and remand the matter for further proceedings.

BACKGROUND

Our opinion on direct appeal sets forth the details surrounding defendant’s convictions, and we will not repeat them here.  Defendant stands convicted of the July 27, 1988, murders of Deborah Sepulveda, Rose Marie Rodriguez, Sepulveda’s two children, Peter Jr., and Rebecca, and Rodriguez’s son, Daniel.

Following the completion of direct review proceedings, defendant filed a petition for post-conviction relief in the circuit court. The petition contained eight claims of ineffective assistance of trial counsel, two claims of ineffective assistance of appellate counsel, and one claim of cumulative error as a result of the alleged ineffectiveness of counsel. All but one of the claims asserted against trial counsel concerned what counsel did not do, but ought to have done, in the course of his representation of defendant.  These claims consisted of allegations concerning counsel’s failure to investigate, discover, and present certain evidence at both the pretrial and trial phases of the proceedings. The petition also alleged that trial counsel was ineffective by failing to object to alleged hearsay testimony. In conjunction with this claim, defendant asserted the ineffectiveness of his appellate counsel for failing to raise the issue on direct appeal. Defendant further claimed that appellate counsel was ineffective because counsel failed to argue on direct appeal the fact that defendant’s right to counsel was not scrupulously honored by police during his interrogation.  Attached to the petition were the affidavits of both members of defendant’s trial counsel team and various documents obtained from the trial counsel’s file, including police and medical reports.  The gist of the contentions raised in defendant’s petition is that trial counsel’s decisions not to investigate the circumstances of defendant’s arrest and interrogation fell below objective professional standards and that defendant suffered prejudice as a result. The petition’s prayer for relief included a request that defendant be granted sufficient time and leave to amend and supplement the petition in order to include additional claims,  supporting affidavits, and factual material “as [defendant’s] investigation continues.”

On September 7, 1995, the circuit court conducted a status hearing on the petition. The assistant State’s Attorney informed the court that the State would “be filing [a] motion to dismiss” and would serve defendant’s counsel with it.
(footnote: 1) Defendant’s attorney then indicated to the court that defendant was under capital sentence and that defendant would be “asking for time to file an amended petition.” Counsel explained that he still had “some extensive investigation to do in this matter” and that the assistant State’s Attorney had indicated that he had no objection to this procedure. The circuit court, thereafter, continued the cause until December 7, 1995 at the agreement of the parties.

On November 7, 1995, defense counsel caused several subpoenas to be issued, including subpoenas for files from the Chicago Police Department’s Office of Professional Standards and Internal Affairs Division. Specifically, defense counsel requested the disciplinary records and files of six of the officers who had been involved in defendant’s arrest and interrogation. The State, along with the City of Chicago,  moved to quash the subpoenas, arguing that the request was overly broad and that the information requested would prove arduous to amass and produce. At a status hearing on December 7, 1995, defendant’s attorney tendered to the court an additional affidavit that counsel stated would support one of defendant’s claims of ineffective assistance of trial counsel.  Defense counsel also indicated that he would like time to respond to the State’s motion to quash in writing. The circuit court continued the matter.

At a hearing on March 7, 1996, the parties agreed in open court that the defense subpoenas were overly broad. Defense counsel stated that he would be willing to narrow the request so that the State could more easily comply with it. Accordingly, the circuit court ruled that the subpoenas, as drafted, were too broad.  The court further indicated that it would entertain future discovery requests on June 6, 1996, a date agreed upon by the parties. On May 30, 1996, defendant filed a motion for discovery seeking the issuance of subpoenas in five areas in order to support his claims of constitutionally ineffective assistance of trial counsel. According to counsel, these records would establish that trial counsel’s  decision not to investigate and discover the records constituted ineffectiveness because the material was readily available at the time of trial. At the  June 6, hearing, the assistant State’s Attorney indicated that the State was not ready to proceed, and the court granted a continuance to September 5, 1996, to hear defendant’s motion for discovery. On that date, the assistant State’s Attorney served defense counsel with the State’s objections to the defendant’s motion for discovery. The matter was then continued to November 7, 1996.

When the parties reconvened in court on November 7, both attorneys presented arguments on the motion for discovery and the objections thereto. The court indicated that it would be prepared to rule on the motion after it had conducted an 
in camera
 review of certain Department of Corrections records that defendant had requested. The case was continued by agreement of the parties to November 19, 1996 for a final ruling as to the discovery requests.

On November 19, the court inquired if either defense counsel or the assistant State’s Attorney had additional arguments to make with respect to the discovery issue. Both parties indicated that they did not. The court then stated that it had reviewed defendant’s petition, along with the supporting affidavits and documents attached to it and that “detailed oral arguments were heard *** on this post-conviction petition on November 7, 1996.” The court then denied all of the discovery requests and further found that “defendant’s post conviction petition for relief sets out no valid or just reasons why relief should be granted by this trial Judge.  Therefore, defendant’s petition is hereby denied.”

At the conclusion of the court’s rulings, defense counsel immediately pointed out that the matter was before the court solely on a motion for discovery. Counsel explained that his arguments, up until that point in time, had only pertained to the discovery issue and had not been directed at the substantive claims made in the petition. Specifically, counsel noted that:

“[t]he arguments that we argued [last week] were not addressing [
sic
] actually the claims that we had made in the post conviction petition initially. The arguments were going to discovery concerning some of those issues and some other issues we have yet to raise.

And we’re taken completely by surprise that the ruling today is on the merits of the post-conviction petition. We did not address the merits in our argument.

* * *

I would ask the Court to reconsider the fact that we’re totally caught by surprise here. We thought we were going to have time to amend this petition and then to have full arguments of [
sic
] the Court.”

Notwithstanding defense counsel’s contentions, the trial judge complimented the defense team on what he characterized as “an exhaustive petition.” The judge noted, however, that he had reviewed the petition and its accompanying affidavits and supporting documents “in great length” and that his actions would constitute “a final order from this Court.” The judge further stressed that he did not

“wish to deny or delay  *** to participate actively in a delay [
sic
] that the Supreme Court has ruled on a number of years ago. And I feel that I’m dragging my feet and I don’t like to do that.”

Defense counsel then noted that the defense had appeared in court on every date set by the court and had not been dilatory in any way. Counsel further noted that the defense team

“had no opportunity to know that [a dismissal] was coming. [The defense has] had no opportunity to know that. ***  No idea at all.”

The trial judge then asked the State for its position on the matter.  The assistant State’s Attorney replied that the court had an “adequate basis to rule.” The judge then ordered that “[d]efendant’s post-conviction relief petition will be denied on its merits.  Obviously an appealable order.”

Defendant thereafter sought reconsideration and 
vacatur
 of the November 19, 1996, order. The circuit court denied the motion, and this appeal followed. During the pendency of this appeal, defendant filed a motion in this court seeking a limited remand for a new suppression hearing. We have taken the motion with the case.

ANALYSIS

We begin our analysis with a review of the basic principles associated with proceedings under the Illinois Post-Conviction Hearing Act (the Act). 725 ILCS 5/122–1 
et seq.
 (West 1994). The Act  provides a mechanism by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under federal and/or state constitutional law. See 725 ILCS 5/122–1 (West 1994).  Proceedings under the Act are commenced by the filing of a petition in the circuit court in which the original proceeding took place. The petition must clearly allege how the petitioner’s rights were violated. 725 ILCS 5/122–2 (West 1994). The scope of the proceedings is limited to constitutional matters that have not been, nor could have been, previously adjudicated. Any issues which could have been raised on direct appeal, but were not, are procedurally defaulted (
People v. Ruiz
, 132 Ill. 2d 1, 9 (1989)), and any issues which have previously been decided by a reviewing court are barred by the doctrine of 
res judicata
. 
People v. Silagy
, 116 Ill. 2d 357, 365 (1987). In cases where the death penalty has been imposed, section 122–5 of the Act directs that the State shall either answer or move to dismiss the petition. In the event that a motion to dismiss is filed and denied, the State must file an answer within 20 days after such denial. See 725 ILCS 5/122–5 (West 1994).  Under section 122–6, the court may receive proof by affidavits, depositions, oral testimony or other evidence. See 725 ILCS 5/122–6 (West 1994).

Although a post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right, this court has repeatedly stressed that a hearing is required whenever the allegations set forth in the petition, as supported by the trial record or accompanying affidavits, make a substantial showing of a constitutional violation. 
People v. Coleman
, 183 Ill. 2d 366, 381 (1998); 
People v. Gaines
, 105 Ill. 2d 79, 91-92 (1984). In making that determination, all well-pleaded facts in the petition are to be taken as true. Nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a hearing under the Act. 
Coleman
, 183 Ill. 2d at 381. The requirement for accompanying affidavits arises from the need to furnish information 
dehors
 the record that the petitioner did not have available to him or her at the time of the original trial. See 
People v. Reeves
, 412 Ill. 555, 559-60 (1952). The dismissal of a post-conviction petition is warranted only when the petition’s allegations of fact–liberally construed in favor of the petitioner and in light of the original trial record–fail to make a substantial showing of a constitutional violation. 
Coleman
, 183 Ill. 2d at 382. We note that if the allegations contained in the petition are based upon matters of record, no extrinsic evidence may be required. See 
People v. Jones
, 66 Ill. 2d 152, 157 (1977) (noting that a court may properly dismiss a post-conviction petition if the record of proceedings at trial shows the petition to be nonmeritorious). On the other hand, when a petitioner’s claims are based upon matters outside the record, this court has emphasized that “it is not the intent of the [A]ct that [such] claims be adjudicated on the pleadings.” 
People v. Airmers
, 34 Ill. 2d 222, 226 (1966); See also 
People v. Clements
, 38 Ill. 2d 213, 216 (1967) (same). Factual disputes raise issues that should be resolved at a hearing before the trial court and “should be raised by answer rather than by motion to dismiss, assuming substantial constitutional questions are raised.” 
Reeves
, 412 Ill. at 559.

In view of the foregoing, we presume that, by its actions, the circuit court dismissed defendant’s petition without an evidentiary hearing because defendant’s allegations, even if taken as true, were insufficient as a matter of law to warrant relief under the Act. Such a decision is afforded plenary review on appeal. See 
Coleman
, 183 Ill. 2d at 387-88. Before we begin such a review, however, we must address defendant’s challenge to the manner in which the circuit court heard and ruled upon his petition. Relying on this court’s decision in 
People v. Bounds
, 182 Ill. 2d 1 (1998), defendant contends that the circuit court’s denial of post-conviction relief without notice deprived him of procedural due process.

In 
Bounds
, we reversed a circuit court’s order dismissing a post-conviction petition because the circuit court, at a status hearing and without prior notice, granted the State’s motion to dismiss. This court noted that the “trial court’s discretion in resolving post-conviction petitions does not allow the court to convert a status call to a hearing on the merits without notice to the parties.” 
Bounds
, 182 Ill. 2d at 5. We, therefore, concluded that the procedure followed by the circuit court violated defendant’s right to procedural due process. 
Bounds
, 182 Ill. 2d at 5.

Bounds
 compels the vacatur of the circuit court’s order in this case. As noted above, at the time of the November 19, 1996, hearing, the parties were embroiled in a debate, not over the sufficiency of defendant’s petition, but over the breadth and necessity of his discovery requests. The November 19, 1996, court date was set so that the parties could learn of the circuit court’s resolution of the matter.
(footnote: 2) Nevertheless, after denying all of defendant’s discovery requests, the court went on to consider the merits of the petition and to deny all relief on a substantive basis.  As in 
Bounds
, defense counsel went to court prepared for one type of proceeding, only to be surprised when the trial court, without prior notice, reached the merits of the petition and denied all post-conviction relief. The decision to deny the petition was made without notice to the parties and without the benefit of argument from either defendant or the State. We, therefore, vacate the circuit court’s order denying post-conviction relief and remand the cause for further proceedings consistent with this opinion and the Act.

This court, long ago, acknowledged that the Act should not be so strictly construed that a fair hearing be denied and the purpose of the Act, 
i.e.
, the vindication of constitutional rights, be defeated.  See 
Reeves
, 412 Ill. at 560. In vacating the circuit court’s judgment, we today, as in 
Bounds
, mean to send a clear message to both bench and bar that the protection of a defendant’s right to procedural due process in post-conviction proceedings is of critical importance. We trust that such violations will not soon be repeated in our courtrooms.

In light of our disposition of this appeal, we deny defendant’s motion for a limited remand without prejudice.

CONCLUSION

The circuit court’s order denying defendant post-conviction relief is vacated and the cause remanded to the circuit court for further proceedings consonant with this opinion.

Order vacated;

cause remanded
.

FOOTNOTES
1:    
1
The motion was apparently filed on that same day.

2:     
2
In this regard, we note that the circuit court incorrectly stated that it had heard “detailed arguments” on defendant’s post-conviction petition at the prior hearing. Our review of the transcripts from that hearing indicates that those “detailed arguments” concerned the nature and scope of defendant’s discovery requests. Any reference to the merits of the petition was directed solely to the discovery question upon which the parties disagreed.