THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY ADAMS, Defendant-Appellant.

First District (4th Division)    No. 1—01—1122

Opinion filed March 31, 2003.

Mark H. Kusatzky, of Law Office of Mark H. Kusatzky, of Northfield, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Mary Boland, and Linda Halperin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Following a bench trial, petitioner Anthony Adams was found guilty of first-degree murder, upon the principle of accountability, for the shooting death of Clifford Ray and sentenced to 30 years in prison. Petitioner appealed contending that: (1) the circuit court abused its discretion in granting the State's request for an extension of the speedy trial term in order to procure a witness; (2) he was deprived of effective assistance of counsel when defense counsel failed to move for the dismissal of the charges based on speedy trial grounds; and (3) the State failed to prove him guilty beyond a reasonable doubt. On December 30, 1999, his conviction was affirmed. *People v. Adams*, No. 1—97—4313 (December 30, 1999) (unpublished order under Supreme Court Rule 23).

On July 24, 2000, petitioner filed a *pro se* postconviction petition which alleged that: (1) the State failed to prove that he had "specific concurrent intent"; (2) the circuit court erroneously restricted his right to cross-examine a witness; and (3) he received ineffective assistance of counsel in that his trial attorneys did not prepare adequately for trial, did not prepare an intelligent defense, did not assess properly the strength of the State's case, did not prepare or call petitioner to testify, did not object to the State's extension motion, did not keep an accurate calculation of the trial term, did not move to dismiss the charges based on speedy trial grounds, and did not file a severance motion. The half sheet indicates that the petition was summarily dismissed on September 1, 2000. Petitioner claims he never received notice of that dismissal. On December 5, 2000, petitioner filed an "amendment to post-conviction petition" reiterating only his argument that defense counsel was ineffective for failing to move to dismiss

the charges based on speedy trial grounds, which was denied on December 13, 2000. Petitioner unsuccessfully moved for reconsideration of the denial of his postconviction petition.

On appeal, petitioner contends that the court erred in summarily dismissing his petition where the dismissal was not until four months after the filing of the petition in violation of section 122—2.1 of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—2.1 (West 2000)). He also claims that he set forth the gist of a constitutional claim when he alleged that his trial counsel was ineffective for failing to prepare and present his case properly.

## I

■ Petitioner first contends that the summary dismissal of his petition four months after the original filing violated section 122—2.1(a) of the Act (725 ILCS 5/122—2.1(a) (West 2000)), which requires the circuit court to examine and rule upon a postconviction petition within 90 days after the petition has been filed and docketed. The 90-day period set forth in section 122—2.1(a) is mandatory. *People v. Porter*, 122 Ill. 2d 64, 521 N.E.2d 1158 (1988) *(Porter)*; *People v. Smith*, 312 Ill. App. 3d 219, 726 N.E.2d 776 (2000).

According to petitioner he originally filed his petition on July 24, 2000. He argues that "the same pro se petition [the July 24 petition] was summarily denied on December 13, 2000." The record makes clear, however, that the July 24 petition was summarily dismissed on September 1, 2000, well within the 90-day time requirement.[1] Without merit is petitioner's claim that "no evidence exists that the petitioner sent in an additional petition, just that it was docketed again in December 2000." Petitioner's handwritten "amendment to post-conviction petition" was notarized on November 27, 2000, received on December 4, 2000, and filed on December 5, 2000. It was this amended petition that was denied on December 13, 2000.

■ As to petitioner's claim that he never was notified of the September 1, 2000, dismissal, nothing in the record indicates that such notice was ever sent to petitioner. Section 122—2.1(a)(2) also provides: "[i]f the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." 725 ILCS 5/122—2.1(a)(2) (West 2000) (section 122—2.1(a)(2)).

---

[1]The half sheet entry states "9-1-00, Pro Se [motion] P.C. Relief Denied."

■ The State argues that the notice provision is not mandatory, but directory and, therefore, failure to comply with the provision does not require reversal. In support of this contention the State cites *Porter*, where the supreme court found that the provision of the Act requiring the dismissal of a petition to be in a written order specifying the findings of fact and conclusions of law was not mandatory. The court found that an interpretation of section 122—2.1 as to the entry of a written order and its contents as mandatory would violate the doctrine of separation of powers. The court also noted that "[t]he statute merely directs that the court's written order specify its findings of fact or conclusions of law in order to facilitate appellate review of the court's dismissal." *Porter*, 122 Ill. 2d at 82-83.

An interpretation of the notice provision of section 122—2.1(a)(2) as mandatory does not pose a similar separation of powers problem. Moreover, unlike the written order requirement, the notice requirement is not for the benefit of the reviewing court; rather, the purpose is to protect the petitioner's right to appeal.

In *People v. Redmond*, 328 Ill. App. 3d 373, 767 N.E.2d 838 (2002) (*Redmond*), the Second District found that the notice provision of section 122—2.1(a)(2) was mandatory. The court noted that section 122—2.1(a)(2) clearly provides that a petitioner "shall" be served with the dismissal order by certified mail within 10 days of the entry of the order. The word "shall" generally is indicative of mandatory intent. Mandatory intent also is indicated where a statute prescribes the result that will occur if the specified procedure is not followed. *Porter*, 122 Ill. 2d at 85. The Act expressly provides that if a petition is not dismissed pursuant to section 122—2.1, it must be docketed for further consideration in accordance with sections 122—4 through 122—6 of the Act (725 ILCS 5/122—4 through 122—6 (West 2000)). 725 ILCS 5/122—2.1(b) (West 2000). The court held that "the failure to serve defendant with the order dismissing his petition within the time frame mandated by section 122—2.1(a)(2) constituted a failure to comply with the statute and rendered the trial court's order of dismissal void." *Redmond*, 328 Ill. App. 3d at 378. Therefore, because the petition was not dismissed within the statutorily mandated 90 days, the court vacated the dismissal and remanded for further consideration of the petition under sections 122—4 through 122—6 of the Act (725 ILCS 5/122—4 through 122—6 (West 2000)). The Second District did not consider the substance of the defendant's petition nor did it address the State's argument that because the postconviction petition was meritless, a remand for further proceedings would be an unnecessary waste of judicial resources.

As in *Redmond*, petitioner's failure to receive timely notice of the

September 1, 2000, dismissal of his petition makes this case a candidate for remand for further proceedings under the Act. Unlike *Redmond,* however, the substance of the petition and the amendment to the petition reveal that remand is not necessary under the facts of this case because the issues raised are determinable as a matter of law. The original petition and the "amendment to post-conviction petition" raise similar issues which, as discussed more fully under point II, are either waived or *res judicata.* Under such circumstances, remand for further proceedings in this case would constitute an unnecessary waste of judicial resources.

## II

Petitioner contends that he set forth the gist of a constitutional claim when he alleged that his trial counsel was ineffective for failing to prepare and present his case properly, specifically, that he failed: (1) to prepare and advise petitioner to testify at trial; (2) to object to the State's motion for an extension of the speedy trial term in order to procure the testimony of a material witness; (3) to file a motion to dismiss the indictment based on speedy trial grounds; and (4) to file a motion to sever his trial from that of his codefendants.

■ To prevail on a claim of ineffective assistance of trial counsel in a postconviction petition, a defendant must show that: (1) counsel's representation fell below an objective standard of reasonableness and (2) counsel's error prejudices the defendant in that but for counsel's shortcomings, the outcome of the proceeding would have been different. *People v. Stewart,* 141 Ill. 2d 107, 565 N.E.2d 968 (1990); *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). In postconviction proceedings, all issues actually decided on direct appeal are *res judicata,* and all those that could have been presented but were not are deemed waived. *People v. Kitchen,* 189 Ill. 2d 424, 727 N.E.2d 189 (1999) (*Kitchen*).

■ Petitioner argues that he was denied effective assistance of counsel because his trial counsel failed to prepare and advise petitioner to testify at trial. Although not raised specifically in his appellate brief now before this court, in his postconviction petition, petitioner also made the related claim that his counsel was ineffective because he failed to assess properly the strength of the State's case and therefore misadvised petitioner that his testimony was not needed. These arguments are waived, as they could have been raised on direct appeal but were not. *Kitchen,* 189 Ill. 2d at 432. Waiver aside, the decision whether to testify in one's own behalf ultimately belongs to the defendant. *People v. Enis,* 194 Ill. 2d 361, 743 N.E.2d 1 (2000) (*Enis*); *People v. Ramey,* 152 Ill. 2d 41, 604 N.E.2d 275 (1992). Nothing in the

present record, including petitioner's affidavit or the affidavits of Felicia King and Julia Johnson, demonstrates that petitioner, at any time, advised counsel of his desire or intention to testify. Significantly, when admonished by the circuit court regarding his absolute right to testify, petitioner responded that he had chosen to exercise his right to remain silent. In *Enis*, the supreme court found that where the defendant failed to inform the circuit court that he wished to testify, he "acquiesced in counsel's view that defendant should not take the stand" and "[i]n the absence of a contemporaneous assertion by defendant of his right to testify, the trial court properly rejected this post-conviction claim." *Enis*, 194 Ill. 2d at 399-400.

Petitioner's arguments that his trial counsel was ineffective for failing to (1) object to the State's extension motion and (2) move for dismissal of the charges based on speedy trial grounds are *res judicata*.[2] *Kitchen*, 189 Ill. 2d at 432. On direct appeal, this court found that the circuit court did not abuse its discretion in granting the State's extension motion. This court further considered and rejected petitioner's argument that he was deprived of effective assistance of counsel when defense counsel failed to move for the dismissal of the charges based on speedy trial grounds. Even though defendant did not raise the extension motion argument in the form of ineffective assistance of counsel in his direct appeal, principles of *res judicata* still apply. See *People v. Thomas*, 164 Ill. 2d 410, 420, 647 N.E.2d 983 (1995) (recognizing the ease with which a petitioner may evade the operation of waiver and *res judicata* by couching his claims in the context of ineffective assistance and reiterating the rule that a petitioner cannot obtain relief under the Act by simply " 'rephrasing previously addressed issues in constitutional terms' "), quoting *People v. Flores*, 153 Ill. 2d 264, 277-78 (1992).

Petitioner's claim that he was denied effective assistance of counsel when defense counsel failed to file a motion to sever petitioner's case from that of his codefendants is waived because it could have been raised on direct appeal and was not. *Kitchen*, 189 Ill. 2d at 432. Waiver aside, the trial transcript indicates that motions for severance were made and granted. Moreover, the trial judge stated that "[t]hese are bench trials and I will consider appropriate matters only to appropriate people."

---

[2]Although not raised specifically on appeal, petitioner claimed in his petition that he was deprived of effective assistance of counsel when his trial counsel failed to keep an accurate calculation of the speedy-trial term. This argument is waived as it could have been raised on direct appeal along with petitioner's other speedy trial arguments, but was not. *Kitchen*, 189 Ill. 2d at · 432.

Although not specifically raised in the instant appeal, petitioner claimed in his petition below that his constitutional rights were violated because he received ineffective assistance of counsel in that his trial attorneys did not prepare adequately for trial, did not prepare an intelligent theory of defense, instead allowing petitioner's speedy trial term to expire as a defense, and failed to present any evidence on petitioner's behalf to establish that he was not accountable for codefendants' actions. These issues are waived as they could have been raised on direct appeal, but were not. *Kitchen*, 189 Ill. 2d at 432. Waiver aside, decisions by trial counsel that are considered to be trial strategies or trial tactics ordinarily are not reviewable in the determination of whether counsel was ineffective. *People v. Barrow*, 133 Ill. 2d 226, 549 N.E.2d 240 (1989).

Petitioner raised several other issues in his petition that he did not argue specifically on appeal. In his petition, petitioner claimed that his constitutional rights were violated because the State failed to prove that he had "specific concurrent intent." This issue is *res judicata*; this court found on direct appeal that petitioner was proved guilty beyond a reasonable doubt of first-degree murder based on the principle of accountability. *Kitchen*, 189 Ill. 2d at 432.

Petitioner further claimed that his constitutional rights were violated because the circuit court erroneously restricted his right to cross-examine eyewitness Karrience Golden in order to expose evidence of his motive to testify falsely against petitioner and in favor of the State. According to petitioner, Golden feared prosecution on a contempt citation. This issue is waived because it could have been raised on direct appeal, but was not. *Kitchen*, 189 Ill. 2d at 432. Waiver aside, the record reveals that petitioner never attempted to question Golden about the contempt citation; however, defense counsel did adopt co-defendants' cross-examinations of Golden, both of which included questioning regarding the contempt citation.[3] Moreover,

---

[3]One codefendant questioned Golden as follows:

"Q. You spoke to Mr. Petrakis [the prosecutor] about the fact that you have this contempt citation hanging over your head, correct?

A. Yes.

Q. You knew that Mr. Petrakis might seek to prosecute you, correct?

MR. PETRAKIS: Objection as to what I might seek, Judge.

THE COURT: Yeah, I don't know how he would know that, but. You can rephrase your question.

Q. Well, did you ever in your discussions with Mr. Petrakis talk about what was going to happen to you in that contempt citation that was filed by the State's Attorney's Office against you?

Golden testified on direct examination that he did not expect to get any deals for testifying in this case.

Petitioner failed to set forth the gist of a constitutional claim. The issues raised in the postconviction petition and the "amendment to post-conviction petition" are determinable as a matter of law and all are either waived or *res judicata.*

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

THEIS, P.J., and GREIMAN, J., concur.

Q. You never asked him if that was going to be dismissed or that didn't concern you?

A. I can't recall."

The other codefendant questioned Golden as follows:

"Q. And as a matter of fact sitting here today you know you are in trouble for not coming to court when you are suppose[d] to under subpoena to this court, is that correct?

Q. And you don't want to do anything that could get anybody mad at you to get you in more trouble, is that right?

MR. PETRAKIS: Objection to the form of the question.

THE COURT: Sustained."