NO. 4-05-0748    Filed 1/31/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| RALPH E. MALLORY, | ) | No. 02CF391 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William O. Mays, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

Following a February 2003 bench trial, the trial court convicted defendant, Ralph E. Mallory, of theft of property valued over $300 (720 ILCS 5/16-1(a)(4)(A) (West 2002)). The court later sentenced him to an extended term of 10 years in prison.

Defendant appealed, and this court affirmed his conviction (as modified) and remanded with directions that the trial court amend the sentencing order to reflect 75 additional days of sentencing credit for time served prior to sentencing. People v. Mallory, No. 4-03-0372 (December 15, 2004) (unpublished order under Supreme Court Rule 23).

In May 2005, defendant pro se filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 through 122-8 (West 2004)). In August 2005, the trial court

dismissed defendant's petition, upon finding it to be frivolous and patently without merit (725 ILCS 5/122-2.1 (West 2004)).

Defendant appeals, arguing that the trial court erred by dismissing his postconviction petition because his ineffective-assistance-of-counsel claim regarding his defense counsel's failure to promptly inform him of the State's September 2002 plea offer stated the gist of a constitutional claim. We agree and reverse and remand.

## I. BACKGROUND

In his May 2005 postconviction petition, defendant alleged, in pertinent part, a violation of his right to effective assistance of trial counsel in that defense counsel failed to inform him about the State's offer of an aggregate seven-year prison sentence in exchange for defendant's guilty plea to the charge in this case as well as another pending charge. Attached to defendant's petition was a copy of a September 16, 2002, offer letter from the prosecutor to defense counsel. In pertinent part, the letter states as follows:

> "In exchange for his plea of guilty to offenses in both of these cases, we would agree to a cap of 9 years total in the [DOC]. If he would do a plea and go we would agree to a sentence of 3 1/2 years in [No.] 02-CF-196 and 4 1/2 years in [No.] 02-CF-391 for a

total of 8 years.  The sentences would be consecutive (i.e.[,] 3 1/2 and 4 1/2)."

The words "9 years" were circled (apparently in pen) and connected by a vertical line to a handwritten notation at the bottom of the letter that reads, "7 years."

Defendant also alleged that (1) he received a copy of the September 16, 2002, letter on November 18, 2002; (2) at that time, he had already gone to trial in case No. 02-CF-196; and (3) defense counsel failed to inform the State of defendant's desire to accept the plea offer.  Defendant averred that the facts stated in his petition were true.

In August 2005, the trial court dismissed defendant's postconviction petition, upon finding it to be frivolous and patently without merit.  As to defendant's claim regarding defense counsel's communication of the State's plea offer, the court wrote as follows:  "[T]his issue was addressed in defendant's motion for reduction of sentence.  The trial court heard evidence and ruled against the defendant.  The issue was not appealed and is therefore waived."

This appeal followed.

## II. THE TRIAL COURT'S DISMISSAL OF DEFENDANT'S POSTCONVICTION PETITION

### A. Proceedings Under the Act

The Act provides a method by which a defendant may challenge his conviction or sentence on the ground that his

federal or state constitutional rights were violated in the proceedings that resulted in his conviction and sentence.  People v. Jones, 211 Ill. 2d 140, 143, 809 N.E.2d 1233, 1236 (2004).  A petition brought under the Act is a collateral proceeding that permits inquiry only into constitutional issues that the defendant did not raise and could not have raised on direct appeal.  People v. Blair, 215 Ill. 2d 427, 447, 831 N.E.2d 604, 617 (2005).

Petitions under the Act are adjudicated in a three-step process.  In this case, the trial court dismissed defendant's May 2005 postconviction petition at the first stage of postconviction proceedings.  At the first stage, the trial court determines, without input from the State, whether the petition is frivolous or patently without merit.  725 ILCS 5/122-2.1 (West 2004).  To withstand dismissal at the first stage, the petition need only state the gist of a constitutional claim for relief.  People v. Patton, 315 Ill. App. 3d 968, 972, 735 N.E.2d 185, 189 (2000).  To set forth the "gist" of a constitutional claim, the petition need not be in great detail or set forth the claim in its entirety.  People v. Williams, 364 Ill. App. 3d 1017, 1022, 848 N.E.2d 254, 258 (2006).  In considering the petition, the trial court may examine the court file of the proceeding in which the petitioner was convicted and any action taken by the appellate court.  The court should examine those records to determine

- 4 -

whether the allegations in the complaint are positively rebutted by the record.  Williams, 364 Ill. App. 3d at 1023, 848 N.E.2d at 258.

The trial court may also dismiss claims that are (1) barred by res judicata or (2) forfeited because the defendant could have raised them, but failed to, in an earlier proceeding.  Blair, 215 Ill. 2d at 444-45, 831 N.E.2d at 615-16.  We review de novo a first-stage dismissal of a petition under the Act.  People v. Little, 335 Ill. App. 3d 1046, 1051, 782 N.E.2d 957, 962 (2003).

Defendant contends that the trial court erred by dismissing his postconviction petition based on res judicata.  We agree.

In dismissing defendant's postconviction petition, the trial court determined that (1) defendant had raised the issue of trial counsel's alleged failure to timely inform him of the State's plea offer in his motion to reduce his sentence; (2) at the hearing on that motion, the court heard evidence and made findings; and (3) defendant did not appeal that ruling.  Accordingly, the court concluded that the claim was barred by res judicata.

However, the record shows that in his pro se motion to reduce his sentence, defendant did not allege that his trial counsel failed to promptly inform him of the State's September

- 5 -

2002 plea offer. Instead, he alleged that counsel was ineffective in that he did not include defendant in "any important discussions regarding the case." At the hearing on defendant's motion, defendant was not represented by new counsel, and no evidence was presented. Instead, the court heard argument from counsel on defendant's motion. In arguing ostensibly on defendant's behalf, defense counsel went through the arguments defendant raised in his pro se motion and essentially informed the court that each one lacked merit. He also defended himself against defendant's allegations of ineffective assistance of counsel. Specifically, he stated that he had met with defendant on "probably 15 occasions" and discussed pertinent matters with him. He also stated that (1) those discussions included negotiations with the State's Attorney and (2) defendant at times indicated a willingness to accept a negotiated plea but had changed his mind at the "last moment."

In our view, the proceedings described above were not sufficient to bar defendant's specific ineffective-assistance-of-counsel claim based on res judicata. Although defendant pro se raised a claim of ineffective assistance of counsel in his post-sentencing motion, he did not raise the specific claim that his trial counsel failed to timely inform him of the State's September 2002 plea offer. Moreover, (1) defendant was not represented by new counsel at the hearing on his postsentencing motion, (2)

evidence was not presented at that hearing, and (3) defense counsel actually argued against defendant's positions.

We further note that defendant's ineffective-assistance-of-counsel claim involves matters outside the record, and thus relaxation of res judicata and forfeiture is appropriate.  See People v. Jones, 364 Ill. App. 3d 1, 4-5, 846 N.E.2d 947, 950-51 (2005) (concluding that the petitioner's claims were not barred by res judicata or waiver because they were based on matters outside the record); People v. Simms, 192 Ill. 2d 348, 360, 736 N.E.2d 1092, 1105 (2000) ("[W]hen a petitioner's claims are based upon matters outside the record, *** it is not the intent of the Act that such claims be adjudicated on the pleadings").

We acknowledge that (1) section 122-2 of the Act provides that the allegations of the petition must be supported by attached documents or must contain a statement of why such documents are not attached (725 ILCS 5/122-2 (West 2004)) and (2) defendant failed to attach any supporting affidavits or provide a coherent explanation for his failure to do so.  The State relies on People v. Beachem, 336 Ill. App. 3d 688, 690-91, 784 N.E.2d 285, 287-88 (2002), in arguing that the trial court properly dismissed defendant's postconviction petition because it lacked supporting evidence of defendant's ineffective-assistance-of-counsel claim.  In Beachem, the defendant alleged in postconvic-

tion proceedings that her trial counsel failed to advise her of a plea offer. Beachem, 336 Ill. App. 3d at 690, 784 N.E.2d at 287. The First District upheld the trial court's dismissal of her claim, stating that it was a "pure unsupported conclusion." Beachem, 336 Ill. App. 3d at 691, 784 N.E.2d at 288. However, in a more recent case, People v. Hall, 217 Ill. 2d 324, 333, 841 N.E.2d 913, 919 (2005), our supreme court held that a petitioner's failure to comply with section 122-2's requirements may be excused when the only evidence that would support the petitioner's claim would be an affidavit from his trial counsel.

In this case, as in Hall, the pivotal communications pertinent to defendant's ineffective-assistance-of-counsel claims would have taken place between defendant and defense counsel. We thus conclude that Hall precludes the summary dismissal of defendant's postconviction petition based on his failure to attach a supporting affidavit.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings under sections 122-4 through 122-6 of the Act.

Reversed and remanded.

MYERSCOUGH and COOK, JJ., concur.