2021 IL App (1st) 190389-U
No. 1-19-0389

SECOND DIVISION
June 29, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 03 CR 11202 |
| | ) | |
| DUANE MOORE, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Kerry M. Kennedy, |
| | ) | Judge Presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Where postconviction counsel rendered unreasonable assistance by failing to amend defendant's *pro se* postconviction petition to avoid potential waiver claims and to include the essential elements of defendant's claim of ineffective assistance of plea counsel, the trial court erred in dismissing defendant's postconviction petition.  Defendant was therefore entitled to reversal and remand for new second-stage proceedings with the appointment of new counsel.

¶ 2    Defendant, Duane Moore, appeals from the trial court's second-stage dismissal of his successive postconviction petition.  On appeal, defendant argues that the dismissal of his petition

must be reversed, because he received unreasonable assistance from postconviction counsel. For the reasons that follow, we reverse and remand for further proceedings.

¶ 3                                                                    BACKGROUND

¶ 4        In 2003, defendant was charged with three counts of first degree murder (720 ILCS 5/9-1(a)(1)-(3) (West 2002)), five counts of attempted first degree murder (720 ILCS 5/8-4 (West 2002); 720 ILCS 5/9-1(a)(1)), two counts of aggravated battery with a firearm (720 ILCS 5/12-4.2 (West 2002)), six counts of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2002)), and three counts of attempted aggravated vehicular hijacking (720 ILCS 5/8-4; 720 ILCS 5/18-4(a)(5) (West 2002)).

¶ 5        In 2006, following a Supreme Court Rule 402 (eff. July 1, 1997) conference, defendant pleaded guilty to count I, which alleged that he committed first degree murder when he shot and killed Joyce Julian. According to the factual basis presented in support of the plea, on December 28, 2002, Julian went to a bar in Markham, Illinois, with a group of friends. While there, Julian's friends engaged in a confrontational conversation with a group of people that included defendant. Later, Julian and her friends left the bar in a car. While they were stopped at a stoplight, defendant got out of the vehicle that was behind them, approached the vehicle in which Julian was riding, and fired numerous shots into the car. Two of those shots struck Julian—one in her back and one in her neck—killing her. Defendant was 16 at the time of the offense. Pursuant to the Rule 402 discussions, the trial court sentenced defendant to 28 years' imprisonment on count I, to be served at 100 percent. The State *nolle prossed* the remaining charges against defendant. No direct appeal was ever taken.

¶ 6        In 2011, defendant filed a postconviction petition alleging that his rights to due process and fundamental fairness were violated when he pleaded guilty without understanding that the three-

year term of mandatory supervised release was in addition to and not a part of the 28 years' imprisonment. The trial court summarily dismissed defendant's petition as frivolous and patently without merit, based on the conclusion that the transcript of the plea hearing demonstrated that defendant was properly advised of the term of mandatory supervised release. Defendant appealed this dismissal, but then later voluntarily dismissed his appeal.

¶ 7     In 2014, defendant sought leave to file a petition for mandamus based on the claim that the term of mandatory supervised release should have been included in the 28 years' of imprisonment. The trial court removed defendant's petition from the call until he achieved proper service. The record does not reflect any further action on defendant's petition for mandamus.

¶ 8     In December 2015, defendant filed a successive postconviction petition. In that petition, defendant made the following claims: (1) the State failed to file the proper motion to transfer defendant to adult court for prosecution, which violated defendant's due process rights and voided all subsequent proceedings; (2) plea counsel was ineffective when he failed to advise petitioner of his double jeopardy rights where he was charged with 19 counts that all included the use or possession of a firearm as an essential element in violation of the one-act, one-crime rule and where counsel failed to file a motion to dismiss the duplicative charges; (3) his due process rights were violated where the trial court permitted him to plead guilty and thereby waive his right to double jeopardy protection without knowing that the 19 charges violated the one-act, one-crime rule, did not do anything to prevent defendant from being brought to trial on all 19 charges in violation of the one-act, one-crime rule, did not admonish defendant of his right to double jeopardy protection, and did not make a determination that defendant's waiver of his right to double jeopardy protection was intelligent; and (4) his guilty plea was not voluntary where plea counsel was ineffective in failing to explain to defendant the terms and consequences of the plea agreement

and where the trial court initiated the Rule 402 discussions, dictated the terms of the plea agreement, and forced defendant to accept the sentence.

¶ 9    A couple of months later, defendant also filed a petition for relief from judgment under section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)).  In that petition, defendant argued that the trial court did not advise him that he would be required to serve the term of mandatory supervised release, just that he could possibly be sentenced to a term of mandatory supervised release.  The State filed a motion to dismiss defendant's petition for relief from judgment.

¶ 10    The trial court appointed counsel to represent defendant.  Although it is not clear from the record whether the trial court intended to appoint counsel to represent defendant with respect to both his successive postconviction petition and his petition for relief from judgment, counsel undertook to represent defendant on both.  On May 25, 2018, counsel filed a certificate pursuant to Supreme Court Rule 651(c) (eff. July 1, 2017), certifying that he had consulted with defendant on numerous occasions to ascertain his contentions of deprivations of constitutional rights in his successive postconviction petition, reviewed the record related to defendant's conviction, and examined defendant's pleadings and determined that they adequately presented defendant's claims of deprivations of constitutional rights.

¶ 11    The State then filed a motion to dismiss defendant's successive postconviction petition.  In that motion, the State argued that defendant waived any claims of trial court error by failing to raise them on direct appeal, defendant failed to demonstrate that juvenile transfer applied to him, defendant waived his claim of ineffective assistance of plea counsel by pleading guilty, defendant failed to demonstrate how plea counsel subjected him to double jeopardy where he plead guilty to

and was convicted of only a single count of first degree murder, and defendant failed to demonstrate that he was prejudiced by plea counsel's alleged ineffectiveness.

¶ 12    On November 16, 2018, the trial court held a hearing.  At that hearing, the State opened by arguing its motion to dismiss defendant's successive postconviction petition.  When given the opportunity to respond, defense counsel stated that defendant stood on his petition, but then went on to argue the mandatory supervised release contention raised in defendant's petition for relief from judgment.  After the State responded to the mandatory supervised release argument, defense counsel stated that defendant had made him aware of a new case related to the mandatory supervised release contention and asked the trial court to consider it.  The trial court agreed to continue the hearing to allow defense counsel the opportunity to provide a copy of the case to the trial court.

¶ 13    On December 14, 2018, the hearing resumed.  In opening, the State noted that they were in the middle of "second-stage argument," but then went on to argue that the case defendant presented did not apply, because the transcript of the plea hearing demonstrated that defendant was properly admonished regarding the mandatory supervised release.  Defense counsel chose to rest on the arguments he made at the previous hearing.  The trial court then granted the State's motion to dismiss, stating as follows:

> "All right.  As to the State's motion, I am going to grant their Motion to Dismiss.  There is no substantive showing of a Constitutional violation.  The MSR—which is what he was concerned with—was explained to him, and he was told.  So off call."

The common law record does not contain any written orders regarding the disposition of the State's motions to dismiss defendant's petition for relief from judgment and successive postconviction petition.  It does, however, contain two "Criminal Disposition Sheets" for December 14, 2018.

The first states that the case law presented by defendant did not apply, defendant was admonished regarding the mandatory supervised release, the State's motion to dismiss was granted, there was no substantive showing of a constitutional violation, and the matter was taken off the call. The second simply states that the State's motion to dismiss was granted and that the matter was taken off the call.

¶ 14    Defendant then instituted this timely appeal.

¶ 15                                    ANALYSIS

¶ 16    On appeal, defendant argues that we should reverse the trial court's dismissal of his successive postconviction petition and remand for new second-stage proceedings, because the assistance he received from postconviction counsel was unreasonable. More specifically, defendant contends that postconviction counsel's assistance was unreasonable in that counsel failed to amend his *pro se* petition to (1) explain the specific unreasonable actions that were taken by plea counsel and what surprised defendant about his plea, (2) attach an affidavit from defendant detailing what plea counsel told him and why he pleaded guilty, (3) clarify the basis for defendant's claims, (4) include the necessary elements of defendant's claim of ineffective assistance of plea counsel, (5) rebut the State's claims of waiver, and (6) raise additional claims related to the sentencing of juveniles. Defendant also argues that if postconviction counsel found the claims in defendant's *pro se* petition to be frivolous, he was obligated to withdraw as counsel, rather than simply stand on defendant's *pro se* petition. Defendant makes no contentions on appeal related to his petition for relief from judgment.

¶ 17    A criminal defendant does not have a constitutional right to counsel in postconviction proceedings; instead, the right to counsel in such proceedings is purely statutory. *People v Suarez*, 224 Ill. 2d 37, 42 (2007); see also 725 ILCS 5/122-4 (West 2014). Accordingly, the level of

assistance to which a criminal defendant is entitled in a postconviction proceeding is governed by the Post-Conviction Hearing Act ("Act") (725 ILCS 5/122-1 *et seq.* (West 2014)). *Suarez*, 224 Ill. 2d at 42. Under the Act, defendants are entitled to a reasonable level of assistance. *Id.* To that end, Supreme Court Rule 651(c) imposes three duties on postconviction counsel that must be met to render reasonable assistance: (1) consult with the defendant to ascertain the defendant's contentions of deprivation of constitutional rights, (2) examine the record of proceedings, and (3) make any amendments to the defendant's *pro se* petition that are necessary to adequately present the defendant's contentions. *Suarez*, 224 Ill. 2d at 42. Where postconviction counsel files a Rule 651(c) certificate certifying that he fulfilled each of these duties, a rebuttable presumption that postconviction counsel rendered reasonable assistance is created. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 31. Whether postconviction counsel provided reasonable assistance to defendant is reviewed *de novo*. *Id.*

¶ 18    As articulated above, defendant alleges that postconviction counsel in this matter failed to provide reasonable assistance in a number of respects. We conclude that postconviction counsel failed to make the necessary amendments to adequately present defendant's claims when he failed to amend defendant's *pro se* petition to avoid potential waiver claims and to include all of the essential elements of his claim of ineffective assistance of plea counsel. Postconviction counsel's failure in this respect warrants reversal and remand for new second-stage proceedings with the appointment of new counsel.

¶ 19    With respect to potential waiver claims, defendant points out that in its motion to dismiss, the State argued that he waived his claim of ineffective assistance of plea counsel by virtue of his

guilty plea.[1]  Although postconviction counsel, at the time that he filed his Rule 651(c) certificate, could not have known precisely what the State might argue in a motion to dismiss, the principle that a guilty plea waives all non-jurisdictional defects, including claims of ineffective assistance of counsel, is well known and established.  See *People v. Ivy*, 313 Ill. App. 3d 1011, 1017 (2000). The only exception is that a defendant may allege ineffective assistance of trial counsel caused his guilty plea to be involuntary and unintelligent.  *People v. Smith*, 383 Ill. App. 3d 1078, 1085 (2008).

¶ 20    Here, defendant raised two claims of ineffective assistance of plea counsel in his *pro se* petition: (1) ineffectiveness in failing to advise defendant of his double jeopardy rights and to file a motion to dismiss duplicative charges and (2) ineffectiveness in failing to explain the terms and consequences of the plea agreement, thereby rendering his guilty plea involuntary.  Although defendant, on his own accord, alleged that the latter claim of ineffectiveness resulted in his guilty plea being involuntary, he did not make any such allegation with respect to the former claim of ineffectiveness.  Accordingly, absent amendment, that claim of ineffectiveness was subject to dismissal on the basis that it was waived by defendant's guilty plea.  On the other hand, had postconviction counsel amended defendant's *pro se* petition to allege that plea counsel's failure to advise defendant that he could not be convicted of and sentenced on all of the charged offenses

---

[1] We note that neither this contention nor any of the other arguments raised by the State in its motion to dismiss defendant's successive postconviction petition were directly addressed by the trial court during the hearings on the matter.  Rather, it appears that the trial mistook defendant's contentions in his successive postconviction petition for the contentions in his petition for relief from judgment and, as a result, dismissed defendant's successive postconviction petition based on the conclusion that the claim raised in defendant's petition for relief from judgment lacked merit. Because we reverse and remand for new second-stage proceedings based on the conclusion that defendant did not receive the reasonable assistance of postconviction counsel, we need not address the potential question of whether the trial court's dismissal of defendant's successive postconviction petition without addressing the grounds raised in it warrants reversal.

rendered his guilty plea involuntary or unintelligent, defendant's claim of ineffectiveness in this respect would not be subject to waiver. This failure of postconviction counsel to amend defendant's *pro se* petition so as to avoid a claim of waiver by the State constitutes unreasonable assistance. See *People v. Turner*, 187 Ill. 2d 406, 413-14 (1999) (counsel's failure to amend the defendant's *pro se* postconviction petition to overcome waiver was unreasonable); *People v. Schlosser*, 2012 IL App (1st) 092523, ¶¶ 23-24 (same); see also *People v. Perkins*, 229 Ill. 2d 34, 44 (2007) ("An adequate or proper presentation of a petitioner's substantive claims necessarily includes attempting to overcome procedural bars, including timeliness, that will result in dismissal of a petition if not rebutted.").

¶ 21      Although not explicitly raised by defendant, we also observe that the State argued that the trial court errors alleged by defendant in his *pro se* petition were waived because they could have been raised on direct appeal. See *People v. Adams*, 338 Ill. App. 3d 471, 475 (2003) ("In post-conviction proceedings, all issues *** which could have been presented but were not are deemed waived."). This waiver, however, like the potential waiver discussed above, could have easily been avoided by postconviction counsel's amendment of defendant's *pro se* petition to allege that appellate counsel was ineffective for failing to raise the trial court's alleged errors on direct appeal. His failure to do so was unreasonable. See *Turner*, 187 Ill. 2d at 413 (postconviction counsel's failure to amend the defendant's *pro se* petition to allege ineffective assistance of appellate counsel to avoid waiver was unreasonable).

¶ 22      In addition to failing to amend defendant's *pro se* petition to avoid the application of waiver, postconviction counsel also failed to amend defendant's petition to allege all of the essential elements of his claims of ineffective assistance of plea counsel. When a defendant claims that his guilty plea was not voluntarily or intelligently made because his counsel was ineffective, his claim

is assessed under the ordinary standard applied to claims of ineffective assistance of counsel, namely, defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's deficient performance. *People v. Hall*, 217 Ill. 2d 324, 334-35 (2005). Under these circumstances, however, defendant's allegations of prejudice must consist of more than just a claim that, absent counsel's substandard performance, defendant would not have pleaded guilty and would have insisted on going to trial. *Id.* at 335. Defendant must also either allege that he is innocent of the charged offense or articulate a plausible defense that could have been presented at trial. *Id.* at 335-36.

¶ 23    In his *pro se* petition, defendant alleged that his guilty plea was not voluntary because plea counsel was ineffective in failing to advise him of the terms and consequences of the plea agreement. He also alleged that in the trial court, he maintained his innocence as to the 18 charges to which he did not plead guilty. He made no allegation, however, that he was actually innocent of the first-degree murder charge to which he pleaded guilty, and he did not articulate any defense, plausible or otherwise, that could have been presented at trial. Accordingly, defendant's *pro se* petition did not contain all of the essential elements of his claim of ineffective assistance of counsel. Postconviction counsel did not amend to correct these deficiencies in defendant's *pro se* petition, and the failure to do so was unreasonable. See *Turner*, 187 Ill. 2d at 413-14 (postconviction counsel's failure to amend the defendant's petition to include all of the essential elements of the defendant's claim of ineffective assistance of counsel constituted unreasonable assistance).

¶ 24    We note that defendant argues additional respects in which postconviction counsel should have amended his *pro se* petition, including adding a number of claims that defendant did not include in his *pro se* petition. Because postconviction counsel's failure to amend defendant's *pro se*

petition to avoid waiver and to include all of the essential elements of a claim of ineffective assistance alone is enough to require reversal and remand, we need not address each and every claim of unreasonableness raised by defendant. Our choice to not address them, however, should not be interpreted as any reflection of our opinion on the merit of those contentions.

¶ 25 In sum, because postconviction counsel rendered unreasonable assistance to defendant when he failed to amend defendant's *pro se* petition to overcome claims of waiver or to include the essential elements of defendant's claim of ineffective assistance of plea counsel, we reverse the trial court's dismissal of defendant's petition, and remand for new second-stage proceedings with the appointment of new counsel. See *People v. Nitz*, 2011 IL App (2d) 100031, ¶¶ 19, 21 (where postconviction counsel rendered unreasonable assistance by failing to amend the defendant's *pro se* petition to adequately present his claims, the dismissal of the defendant's petition was reversed and the matter remanded for further proceedings with the appointment of new counsel).

¶ 26 CONCLUSION

¶ 27 For the foregoing reasons, the judgment of the Circuit Court of Cook County is reversed, and the matter is remanded for further proceedings consistent with this decision.

¶ 28 Reversed and remanded.