**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 190602-U

Order filed May 15, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Iroquois County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0602 Circuit No. 06-CF-138 |
| CHRISTOPHER BAILEY, | ) ) ) | Honorable Ronald J. Gerts, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice Holdridge and Justice McDade concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The court did not err by dismissing defendant's petition for relief from judgment.

¶ 2     Defendant, Christopher Bailey, appeals the Iroquois County circuit court's dismissal of

his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure

(735 ILCS 5/2-1401 (West 2018)). He argues that the court erred by dismissing the petition

because the judgment finding him to be a sexually dangerous person (SDP) was void as the State

failed to comply with the requirement that it file reports from two psychiatrists who examined defendant. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4        After filing criminal charges (aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2006))) against defendant, the State filed a petition pursuant to the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 2006)) seeking to declare defendant an SDP. In November 2006, defendant appeared in court and the court confirmed with defendant that he understood the State filed a petition seeking to declare him an SDP.

¶ 5        At a hearing in November 2007, the court noted that Dr. Traugott and Dr. Jeckel had both rendered reports. In February 2008, defense counsel noted that it received the reports from the State. At the bench trial in May 2008, the court noted that it had a copy of Traugott's report but it did not see the report from Jeckel. The State told the court "I have an original of Dr. Jeckel that I will present to you." The court later stated that "we've agreed then that Traugott is on file. And we're going to file Dr. Jeckel's." Jeckel testified that to a reasonable degree of medical and psychiatric certainty that defendant satisfied the criteria of an SDP. Traugott testified that defendant "is a danger to society to have such a continued sexual activity" and that he should be confined based on his past sexual aggression. Both doctors were subject to cross-examination. The court found defendant to be an SDP.

¶ 6        Defendant appealed, arguing that the State failed to prove beyond a reasonable doubt that he was an SDP and that the court committed reversible error by allowing the State to proceed on both the underlying criminal charge and the SDP petition at the same time. This court affirmed. *People v. Bailey*, 405 Ill. App. 3d 154, 156 (2010). In doing so, this court stated that "[t]he trial court commented that it had received reports from the State's two psychiatrists relative to the

2

[SDP] petition." *Id.* at 158. This court further referenced an opinion from Jeckel and specifically noted that it was contained in Jeckel's written report. *Id.* at 171.

¶ 7 In July 2012, defendant filed a section 2-1401 petition for relief from judgment, arguing that (1) the State's SDP petition failed to state sufficient facts to support itself as a matter of law and trial counsel failed to bring this to the court's attention; and (2) trial counsel provided ineffective assistance by failing to interview witnesses, failing to pursue pretrial motions, refusing to address false and contradictory testimony, refusing to address the varying version of events by the victim, denying his right to a speedy trial, allowing the State to proceed simultaneously on the criminal charge and the SDP petition, refusing to accept defendant's input in regards to questioning witnesses, refusing to provide defendant with transcripts of statements made to the police, and refusing to provide the defense expert witnesses with the same range of information that the State provided its experts. The court dismissed the petition. Defendant filed a motion for reconsideration, which the court denied. Defendant appealed and this court affirmed. *People v. Bailey*, 2014 IL App (3d) 121005-U.

¶ 8 In August 2015, defendant filed a "Motion to Void and Vacate Judgement [*sic*] Order Adjudicating Petitioner to be [an SDP]." Defendant argued that the State surrendered its ability to pursue the SDP petition when it nolle prossed the criminal charge upon which those proceedings were based, rendering all subsequent proceedings void. It further argued that both trial and appellate counsel provided ineffective assistance by failing to raise this issue. The court construed the document as a section 2-1401 petition and dismissed it. Defendant filed a motion for reconsideration and leave to amend. He then filed an amended motion to reconsider. The court denied the amended motion to reconsider. Defendant filed a "Motion for Reexamination and Rehearing of Petitioner's 2-1401 Proceedings by a Different Reviewing Court." The court

denied the motion. Defendant appealed and this court dismissed the appeal after determining it was untimely. *People v. Bailey*, No. 3-16-0411 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9        In January 2019, defendant filed a "2-1401 Motion to Void and Vacate Judgment." He argued that nothing in the record of this case demonstrates that the written reports of the State's two psychiatrists, Jeckel and Traugott, were filed with the court as required by the Act and neither report was admitted in evidence. He further argued that the court referenced various facts which had not been testified to and were allegedly in the reports. Defendant argued that without the reports he could not have been found to be an SDP. He asserted that because the written reports were not introduced into evidence, he did not have the opportunity to properly cross-examine and challenge the State's evidence. Defendant also argued that trial and appellate counsel were ineffective for not raising this issue. He argued that the judgment finding him an SDP was void. The court dismissed the petition as untimely. Defendant filed a motion to reconsider. The court denied the motion finding that the judgment was not void and that defendant failed to show the evidence against him was inadequate. Defendant appeals.

¶ 10                                II. ANALYSIS

¶ 11        Defendant argues that the court erred in dismissing his section 2-1401 petition. In support, he argues that the Act must be strictly construed and since the State failed to file the reports from Jeckel and Traugott, as required by section 4 of the Act, the judgment declaring defendant an SDP is void. Defendant also seems to challenge the competence of the evidence by noting that the reports were not entered into evidence.

¶ 12        A judgment is void if it was entered by a court lacking jurisdiction or "was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Abdullah*, 2019 IL 123492,

4

¶ 13. Defendant does not allege that his judgment is based on a facially unconstitutional statute. Turning to jurisdiction, the court in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002), defined subject matter jurisdiction as "the power of a court to hear and determine cases of the general class to which the proceeding in question belongs" and determined this jurisdiction extends to all justiciable matters. The circuit court in the instant matter had subject matter jurisdiction because it had the power to hear and determine proceedings under the Act. See *People v. Castleberry*, 2015 IL 116916, ¶ 18 (court's subject matter jurisdiction derives from article VI, section 9, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 9)); see also 725 ILCS 205/2 (West 2018) (providing that "[j]urisdiction of proceedings under this Act is vested in the circuit courts in this State"). Additionally, the circuit court had personal jurisdiction over defendant as he personally appeared before the court. See *People v. Kleiss*, 90 Ill. App. 3d 53, 55 (1980) (providing that jurisdiction over a person "is acquired when that individual appears personally before the court"). As the court had both subject matter and personal jurisdiction over defendant, its resulting judgment declaring him an SDP is not void.

¶ 13        Further, defendant forfeited the claims regarding Jeckel's and Traugott's reports, including his claims of ineffective assistance of counsel related to those reports, because he could have brought these claims in his prior section 2-1401 petitions but failed to do so. See *People v. Mallory*, 371 Ill. App. 3d 477, 480 (2007) (providing that claims are forfeited when "defendant could have raised them, but failed to, in an earlier proceeding").

¶ 14        Based on the foregoing, we conclude that the court did not err by dismissing defendant's section 2-1401 petition.

¶ 15                                III. CONCLUSION

¶ 16        The judgment of the circuit court of Iroquois County is affirmed.

5

¶ 17         Affirmed.